269 A.2d 542.

GOODYEAR LOAN COMPANY *vs.* FRANCIS E. LITTLE, JR., *Guardian* AND NORWOOD MOTOR COMPANY.

OCTOBER 16, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a civil action for a declaratory judgment. The amended complaint sets forth the following. On or about January 7, 1969, Joseph G. Yates, an incompetent adult over whose person and estate Francis E. Little, Jr., a defendant herein, had been appointed guardian, purchased a 1969 Chevrolet Impala motor vehicle from Norwood Motor Company. Yates borrowed the purchase price of $3,300 from the plaintiff, Goodyear Loan Company, which was not then aware of the guardianship proceedings and did not learn of them until a few months later. That knowledge prompted it to demand payment of $3,300 from both the guardian and Norwood. Both demands were refused as was Goodyear's further request that Norwood accept return of the Chevrolet Impala, which by that time was being stored by Goodyear, having been placed in its possession for safekeeping by Yates. Thereupon Goodyear, by civil action naming Norwood and the guardian as defendants, petitioned the Superior Court under the Uniform Declaratory Judgments Act, G. L. 1956 (1969 Reenactment) chap. 30 of title 9, for a declaration of the rights, status and legal liabilities of the parties with relation to the transactions described. Norwood moved to dismiss under Super. R. Civ. P. 12 (b) (6). Its motion was granted. The amended complaint as to the guardian is still pending in the Superior Court. Goodyear has appealed from the order granting Norwood's motion to dismiss.

The case involves multiple parties. In such a case an order disposing of one or more but less than all of the claims is not appealable under Rule 54 (b) Super. R. Civ. P. unless when the order appealed from is entered the trial justice *expressly* determines that there is no just reason for delay and *expressly* directs that judgment shall enter. Neither that determination nor that direction were made in this case. Ordinarily, their absence would require dismissal of the appeal but where, as here, the trial justice

was not requested to make the prerequisite rulings, we remand, not to dismiss, but with direction to make the prerequisite determination and direction. *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co.,* 105 R. I. 150, 250 A.2d 365.

While the making of the required certification in the Superior Court will permit the prosecution of an appeal by Goodyear upon the present appeal record, it may avoid extended and needless litigation if we point out that nothing in its brief or oral argument suggests any legal theory which, on the facts as pleaded, indicates the existence of an actual justiciable controversy between it and Norwood. The existence of such a controversy is, of course, a necessary precedent to the successful prosecution of a declaratory judgment action for the Act contemplates judgments in actual controversies, rather than advisory opinions in hypothetical cases. *Brown* v. *Ramsey,* 185 F.2d 225 (8th Cir. 1950); *Tanner* v. *McKeldin,* 202 Md. 569, 97 A.2d 449. And justiciability is not present unless the facts postulated yield to some conceivable legal hypothesis which will entitle the plaintiff to some relief against the defendant. 1 Anderson, *Actions for Declaratory Judgments* (2d ed.) §14 at 59. Stated in the vernacular, the Act "* * * does not license litigants to fish in judicial ponds for legal advice." *Lide* v. *Mears,* 231 N. C. 111 at 117, 56 S. E. 2d 404 at 409.

The plaintiff's appeal is denied and dismissed and the case is remitted to the Superior Court for further proceedings not inconsistent herewith.

*Anthony E. Grilli,* for plaintiff.

*Alfred E. Bollengier, Joel D. Landry,* for Norwood Motor Company.