**FIDELITY FINANCIAL CORPORATION, a California corporation, Fidelity Savings and Loan Association, a California corporation, Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION and Jules W. Lindau IV, Defendants.**

No. C–73 0880 ACW.

United States District Court,
N. D. California.

May 31, 1973.

Lyman G. Lea, J. Kenny Lewis, Jon H. Kouba, of Angell, Adams & Holmes, San Francisco, Cal., for plaintiffs.

Daniel J. Goldberg, Asst. Gen. Counsel, Federal Home Loan Bank Board, Washington, D. C., for defendants.

## ORDER DENYING TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT

WOLLENBERG, District Judge.

The complaint in this action was filed May 29, 1973, along with a motion for a temporary restraining order. The charging allegations are that plaintiffs, savings and loan holding companies within the meaning of the National Housing Act, as amended by the Savings and Loan Holding Company Amendments of 1967, 12 U.S.C. § 1730a(a)(1)(D), have contracted to acquire two savings and loan associations. By the terms of the acquisition agreements, the transactions must be completed by May 31, 1973, and June 15, 1973, respectively, or plaintiffs will lose all rights to complete the transactions. Such a loss is alleged to constitute irreparable injury.

Section 1730a(e)(1)(A) makes it unlawful for a savings and loan holding company to acquire subsidiaries without the prior approval of the Federal Home Loan Bank Board ("Board"), acting for the Federal Savings and Loan Insurance Corporation (FSLIC). The temporary relief requested by plaintiffs is an order by this court restraining defendant FSLIC from interfering with the proposed acquisitions in any way, and further, restraining defendant from seeking to apply any penalties, civil or criminal, against plaintiffs pending a decision on the merits.

Counsel for defendant FSLIC appeared in opposition to the motion for a temporary restraining order, and during his presentation to the Court, made a motion for dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons given below, the motion of defendant FSLIC will be granted, and the motion of plaintiffs denied.

Section 1730a(k) provides in relevant part that

"Any party aggrieved by an order of the Corporation under this section may obtain a review of such order by filing in the court of appeals of the United States for the circuit in which the principal office of such party is located, or in the United States Court of Appeals for the District of Columbia Circuit, within thirty days after the date of service of such order,

a written petition praying that the order of the Corporation be modified, terminated, or set aside. . . ."

This is the only judicial review specifically provided for by the Act. Nevertheless, plaintiffs contend that because of certain deficiencies in the manner in which their applications for approval have been treated by the defendant, the Court should intervene in the on-going administrative process.

The deficiencies alleged by plaintiff are as follows: It is first contended that the principal investigator assigned to review their applications who is co-defendant herein, conducted his investigation in a biased and highly arrogant manner, that this investigator has subsequently been indicted for soliciting a bribe from plaintiffs within regard to the pending applications, and that the reports and recommendations of this man are presently part of the file pending before defendant. There is, however, no allegation of bias or prejudice on the part of any member of the Board, which is the body authorized to rule on the applications, or any presently employed staff person.

Counsel for defendant FSLIC stated unequivocally in open court that the investigator in question was suspended by the FSLIC and has resigned. He further stated that nothing in the file reflects any recommendation or report of this man, other than independently verified documents. Counsel brought the investigator presently assigned to these applications to Court and offered to have him testify to these statements if necessary.

■ Counsel for plaintiff did not question the veracity of defendant's offer of proof, but asserted that on a motion for a temporary restraining order the Court should consider only plaintiffs' affidavits and ignore offers of proof by defendant. The Court cannot agree.

Although it is typically the case that Courts are required to act on motions for temporary restraining orders without the benefit of affidavits or testimony on behalf of the defendant, when such testimony is available, the Court would be remiss in choosing to ignore it. Since plaintiffs' affidavit has been directly contradicted by defendant's unchallenged offer of proof, the Court finds that plaintiffs have failed to establish that any danger of improper Board action based on a prejudiced or tainted record exists. The cases cited in which due process guarantees were threatened because of a danger that the decision maker would not be impartial are inapposite.

■ Plaintiffs' second contention is that defendant FSLIC has acted and will continue to act in excess of its statutory authority by inquiring into matters other than those set forth in § 1730a(e)(2). Where agencies have exceeded their statutory or constitutional authority, courts have intervened. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). But *"Kyne* and its progeny have been limited to extraordinary circumstances 'in which there is a "plain" violation of an unambiguous and mandatory provision of the statute.'" Fort Worth Nat. Corp. v. Federal Savings & Loan Ins. Corp., 469 F.2d 47, 54 (5th Cir. 1972), citing Boire v. Miami Herald Publishing Co., 343 F.2d 17, 21 (5th Cir. 1965), cert. denied, 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965) and Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964). The Court has examined the provisions of § 1730a(e)(2), and cannot say that defendant has clearly exceeded its authority by inquiring into settlement agreements with potential antitrust overtones to which defendant is a signatory. Moreover, the fruits of this inquiry may be relevant to the statutory criteria of managerial resources, and future prospects of the company.[1]

---

1. Sec. 1730a(e)(2) provides: "The Corporation shall not approve any acquisition under sub-paragraphs (A)(i) or (A)(ii), or of more than one insured institution under subparagraph (B), of paragraph (1) of this subsection except in accordance with this paragraph. In every case, the Corporation shall take into consid-

Plaintiffs' final contention is that defendant has delayed unreasonably in acting on plaintiffs' applications. This delay is allegedly based on improper investigation. The delay itself is relied upon as creating the threat of irreparable harm, since plaintiffs contend that they will lose all rights under the acquisition agreements in the next few weeks, and that once lost, the marketing areas sought to be acquired will go to competitors.[2]

Section 1730a(e)(2) provides in relevant part:

"In every case, the Corporation shall . . . render its decision within ninety days after submission to the Board of the complete record on the application."

In *Fort Worth National Corp., supra,* the court was called upon to decide whether the phrase "complete record on the application" means the time when applicant submits the final amended application, or the time when the staff of FSLIC submits the application together with the results of its investigations to the Board for decision. The court, after a careful review of the legislative history of the 1967 amendments, held that "Congress intended the time period to commence when the Board, not the Corporation, has the application. This occurs only after the staff completes processing the application and submits the final record to the Board." 469 F.2d at 57–58. We adopt this holding.

No other time period is specified in the Act, and plaintiffs concede that the applications have not yet been submitted to the Board. Hence, there is no statutory basis for finding that the defendant has delayed unreasonably. Nor does it appear that the time taken by the staff has been so unreasonable as to warrant judicial interference, even if the Court had jurisdiction to grant any relief.

Hence it appears that temporary relief is inappropriate in this action.

The only decision interpreting the jurisdictional problem before the Court is the opinion of Judge Wisdom in *Fort Worth Nat. Corp., supra.* In that case, the Board had entered an order disapproving the plaintiff's application. In reviewing the propriety of a preliminary injunction entered by the district court, the court of appeals held that the district court "had no jurisdiction to issue a preliminary injunction." 469 F.2d at 52. The court stated:

"Furthermore, we also disagree with the holding of the district court that although the Court of Appeals had exclusive jurisdiction over the merits of the dispute, the district court could nevertheless assume jurisdiction 'solely for the purpose of maintaining the status quo and preventing irreparable injury.' No such concept of partial jurisdiction has ever been recognized by this Court. Unless it has jurisdiction over the underlying cause of action, a court may not purport to issue preliminary relief in the case. Sires v. State of Washington, 1963, 9 Cir., 314 F.2d 883." 469 F.2d at 54.

Since this Court clearly has no jurisdiction under the Act, and since no extraordinary circumstances exist in this case which would warrant judicial interference with on-going administrative procedures, the Court finds it appropriate to deny plaintiffs' motion for temporary relief, and to dismiss the action for lack of subject matter jurisdiction. It is so ordered.

---

eration the financial and managerial resources and future prospects of the company and institution involved, and the convenience and needs of the community to be served, and shall render its decision within ninety days after submission to the Board of the complete record on the application . . . . ."

2. Counsel for defendant indicates the plaintiffs have known since at least the first week in May that the Board could not act before May 31st, yet plaintiffs chose to file their complaint only at 4:00 p. m. on May 29th. Plaintiffs have not explained why they made no attempt to bring this matter before the Court of Appeals.