**DO–RIGHT AUTO SALES et al.,
Plaintiffs,**

**v.**

**Michael J. HOWLETT, Secretary of the State of Illinois, in his official capacity, Defendant.**

**No. 75 C 2421.**

United States District Court,
N. D. Illinois, E. D.

Sept. 29, 1975.

**1036**

---

Theodore M. Becker, Chicago, Ill., for plaintiffs.

Michael J. Hayes, Asst. Atty. Gen. of Ill., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

Plaintiffs seek a temporary restraining order under Federal Rule of Civil Procedure 65 for the purpose of preventing the Secretary of State of the State of Illinois from revoking certificates necessary to their occupation in the auto salvage business. They also seek by the same order to restrain the Secretary of State from holding a hearing on the question of revocation. No hearing has been held on these motions, but the court holds that even by taking as true all of plaintiffs' allegations, a case would not be stated that would justify the temporary injunctive relief sought.

Plaintiffs Thomas O'Brien and Timothy O'Brien are engaged in an operation by which they salvage and then resell automobiles. They have formed two separate enterprises,[1] Do-Right Auto Re-Builders, and plaintiff Do-Right Auto Sales, under whose names they do business. To engage in business as Do-Right Auto Sales, plaintiffs are required by Illinois law to possess "Dealers Certificate of Authority"[2] (hereafter "certificate"). The Secretary is empowered to revoke the certificate if the holder is found to have violated any of the condi-

tions set forth in 95½ Ill.Rev.Stats. § 5–501.

On July 17, 1975, plaintiffs were served with an "Order of Revocation" of their certificate, indicating that their certificate had been revoked effective July 2, 1975, because of

"1. Failure to maintain an established place of business contrary to Section 5–501(a)(5), Illinois Vehicle Code.

"2. Failure to produce records contrary to Section 5–501(a)(6), Illinois Vehicle Code."

Plaintiffs had never received a hearing on these matters. Alleging that deprivation of the certificate without a prior hearing was constitutionally infirm, they applied for and obtained a temporary restraining order from this court on July 23.[3] The order enjoined the Secretary from revoking the plaintiffs' certificate without a prior hearing. At the same time, the court ordered plaintiffs' attorney to request such a hearing from the Secretary. The request was made, the Secretary agreed not to revoke the certificate pending the outcome of a hearing, and the parties appeared on August 21 before a hearing officer designated by the Secretary. The hearing officer is Mr. Calvin R. Sutker. Although the revocation initially applied only to Do-Right Auto Sales, an identical complaint was filed by the Secretary against Do-Right Auto Re-Builders. This opinion will consider the pleadings as applicable to both enterprises, in identical fashion, and will treat the enterprises accordingly.

Plaintiffs' attorney was confronted with three difficulties regarding the hearing the Secretary intended to pro-

---

1. It is not clear whether these are corporations, partnerships, or merely names under which business is done. The distinction is not relevant for this opinion.

2. These certificates are referred to by statute as licenses, for the selling (95½ Ill.Rev. Stats. § 5–101) and rebuilding (95½ Ill. Rev.Stats. § 5–102) of automobiles. The

plaintiffs, and the Order of Revocation from the Secretary of State refer to "certificates". These appear to be the same item, and, accordingly, this opinion will refer to it as a certificate.

3. On that date, the Honorable Frank J. McGarr was presiding as Emergency Judge.

vide. First, there was no certainty as to what rules of procedure and evidence would govern the hearing. The transcript of the proceedings of August 21, appended to plaintiffs' pending motion, reveals that while no written rules were forthcoming, the hearing officer would consider reasonable discovery requests, to be submitted in writing, and that the basis for the procedure and evidence rules followed would be the Administrative Review Act and the Rules of Civil Procedure (both, presumably, of the State of Illinois, 110 Ill.Rev.Stats. § 264 et seq., and 110A Ill.Rev.Stats. § 1 et seq., respectively), subject to extensions by the hearing officer for the promotion of "substantial justice".[4]

The second difficulty confronting plaintiffs was that shortly before or at the commencement of the August 21st proceedings, plaintiffs' attorney discovered that the Secretary intended that the hearing plaintiffs had requested would cover alleged behavior by plaintiffs that had criminal overtones. For this reason plaintiffs' attorney (unsuccessfully) attempted to withdraw plaintiffs' petition requesting a hearing.[5] Plaintiffs' complaint here appears to be that they are entitled to a hearing solely on the grounds of revocation stated in the July 2 Order, notwithstanding other grounds that could justify such a revocation.

The third difficulty was the prospect that the introduction of allegations of criminal behavior is in fact in retaliation for the obtaining of the temporary restraining order. See, U. S. v. Falk, 479 F.2d 616 (7th Cir. 1973). In addition to the timing of presenting the additional ground for revocation, plaintiffs allege in support of this prospect that

an investigator for the Secretary, named Carl Tuttle, accused plaintiffs' attorney of requesting a continuance of the administrative hearing for the purpose of enabling plaintiffs to engage in further criminal activity.

Plaintiffs have filed this lawsuit as a class action. In addition to the relief sought already mentioned, they ask this court to declare 95½ Ill.Rev.Stats. § 5–501 unconstitutional on the ground that it is vague, and on the ground that it does not explicitly incorporate adequate procedural safeguards to accompany the revocation of a certificate. The court is also asked to enjoin enforcement of this statute, and ultimately to issue guidelines for constitutionally required procedure. Appropriately, plaintiffs have also filed a motion for the convention of a three-judge court under 28 U.S.C. § 2281. The motion has not yet been fully briefed by both sides. This opinion thus confines itself to the propriety of issuing a temporary restraining order.

The parties agree that temporary injunctive relief should not issue in the absence of a showing of irreparable injury and a showing of a high likelihood that the movant will ultimately be successful. The irreparable injury advanced by plaintiffs is essentially the economic burden that would be imposed while the certificate is revoked, until there could be redress through federal or state court review. Assuming arguendo that alternative prospects of income for plaintiffs are nil, the irreparability requirement would appear to be satisfied. See, e. g., Doran v. Salem Inn, Inc., 422 U.S. 922, 931, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975). Nonetheless, the court finds the likeli-

---

4. Transcript of proceedings Before The Secretary of State Illinois, In the Matter of: The Revocation of Any and All Dealer Certificates and Dealer Licenses Heretofore Issued to Do-Right Auto Sales, etc., File No. 155–751–0, August 21, 1975, pp. 19–20.

5. Plaintiffs have also moved this court to vacate Judge McGarr's order that plaintiffs'

attorney request a hearing from the Secretary. The attorney has already attempted to withdraw from the hearing, so the practical effect of the requested vacation would appear to be minimal. To resolve any uncertainty as to the attorney's continuing obligation, the court hereby vacates the order to request a hearing.

hood of plaintiffs' ultimate success on the merits to be slight.

■■■ The only circumstance under which this court could enjoin the state administrative proceeding now pending [6] would be the establishment of the inability of the hearing officer to afford a fair hearing. This criterion was met in *Gibson v. Berryhill*, 411 U.S. 564, 93 S. Ct. 1689, 36 L.Ed.2d 488 (1973), when the Alabama Board of Optometry proposed to preside over a hearing to determine whether optometrists who had accepted employment with a business corporation should consequently have their license to practice revoked. The Supreme Court observed that the board members, all of whom practiced privately, would reap substantial profit as a result of a diversion of business towards them, in the event that the large number of licenses involved were revoked. This bias rendered the board incapable of giving the plaintiff-optometrists an impartial hearing. Since the integrity of the very hearing was called into question, the prospect of de novo review by a state or federal court was not an adequate alternative. 411 U.S. 577, 93 S.Ct. 1689.

A contrary situation was presented in *Withrow v. Larkin*, 421 U.S. 35, 95 S. Ct. 1456, 43 L.Ed.2d 712 (1975). In that case, a physician successfully obtained a preliminary injunction against the holding of a hearing to revoke his license to practice, on the ground that the Wisconsin Examining Board (of physicians) had previously found that there was probable cause to believe the physician had engaged in criminal violations and in unprofessional conduct. The board had filed a complaint to that ef-

fect with the District Attorney of Milwaukee County. Plaintiff alleged that these activities rendered the board unable to give him a fair hearing.

The Supreme Court found the issuance of the injunction an abuse of the district court's discretion, since, under the relevant law, it was possible, indeed probable, that the board would afford a fair hearing to the physician.[7] Simply put, the factors which potentially biased the board were not judicially recognized as necessarily imparting an unconstitutional taint on future board proceedings. The decision did not, of course, preclude a subsequent finding that the board was in fact impermissibly biased, but rather indicated that the facts presented did not make such a finding probable enough to justify preliminary injunctive relief.

■■■ This court is bound to the presumption that state administrative proceedings are carried out in a fair and competent manner. Only when allegations contradict this presumption will comity permit any interference, under the present circumstances. *Younger v. Harris*, 401 U.S. 37, 44–46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); accord, *Kugler v. Helfant*, 421 U.S. 117, 123–128, 95 S. Ct. 1524, 1531, 44 L.Ed.2d 15 (1975). As cases cited by the plaintiffs note, the procedural safeguards that must constitutionally attend the deprivation of a property right such as a license necessary to carry out an occupation, follow no certain formula. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). A balancing of the governmental and personal interests

---

6. The court is not bound by the 28 U.S.C. § 2283 prohibition against enjoining pending state proceedings, since this is a civil rights action. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). However, the questions of comity and the traditional requirements for the invocation of equitable relief are still applicable. *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L. Ed.2d 488 (1973).

7. Compare *McKinney v. O'Malley*, 379 F. Supp. 135 (M.D.Fla.1974) (three-judge court), where the hearing previously afforded the plaintiff contesting revocation of his driver's license was not challenged because of its fairness, but because of the issues to which it was limited.

and burdens is required to determine what procedures are adequate. *See, Gagnon v. Scarpelli,* 411 U.S. 778, 790–791, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Cafeteria and Restaurant Workers Union Local 473, AFL–CIO v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). From this standpoint, the court does not find the pending hearing presided over by Mr. Sutker to appear inherently unfair at this juncture.

In considering the likelihood of plaintiffs' success on this issue, the court is not concerned with the requirement that a prior hearing be held, but rather with the adequacy of the single hearing which plaintiffs here wish to enjoin. Cases concerning the necessity of a hearing prior to a deprivation of an important right are inapposite to this concern. *See Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Goldberg v. Kelly, supra, Sniadach v. Family Finance Corp., supra.* Since this is a class action, however, the court may eventually address the situation of persons whose certificates may be revoked without the opportunity for a prior administrative hearing such as the one that is currently being afforded to the plaintiffs. For the class, these cases are relevant, as are *Warner v. Trombletta,* 348 F.Supp. 1068 (M.D.Pa.1972) (three-judge court), *aff'd* 410 U.S. 919, 93 S.Ct. 1392, 35 L.Ed.2d 583 (1973), and *Reese v. Kassab,* 334 F.Supp. 744 (W.D.Pa.1971) (three-judge court), cited by plaintiffs. However, no temporary injunctive relief has been requested as to the class.

The difficulties alleged to attend plaintiffs' pending hearing can all be addressed within that hearing. Plaintiffs have not indicated otherwise. The situation is in contrast to that presented by *Bell v. Burson, supra,* where a driver's license revocation hearing was afforded which explicitly excluded consideration of the fault of the uninsured license holder who had an automobile accident. Nor in this case like *Warner v. Trom-bletta, supra,* where the Pennsylvania statute allowing revocation of licenses was construed by the state court as prohibiting appeal of the order of revocation.

■ Not only have plaintiffs failed to allege that their hearing will have an unconstitutionally narrow scope, but they have failed to allege conditions which would render it unconstitutionally tainted by bias. The fact that an investigator in an administrative body is biased is not fatal to the decision of that body. *Fidelity Financial Corp. v. Federal Savings & Loan Insurance Corp.,* 359 F.Supp. 324 (N.D.Cal.1973). The absence of any allegations as to the relationship between Mr. Sutker and Mr. Tuttle make the prospect of such bias even more remote. What is crucial to the validity of a decision is the actual impact of bias on the person who makes the decision. *International Telephone and Telegraph Co. v. I. B. E. W.,* 419 U.S. 428, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975); *Standard Distributors, Inc. v. Federal Trade Commission,* 211 F.2d 7, 11–12 (2d Cir. 1954); *Skokie Federal Savings & Loan Association v. Federal Home Loan Bank Board,* 400 F.Supp. 1016 (N.D.Ill.1975); *Brown v. U. S.,* 377 F.Supp. 530, 537 (N.D.Tex.1974).

■ Plaintiffs' assertion that 95½ Ill.Rev.Stats. § 5–501 is unconstitutional could result in an injunction against any revocation under the statute. Without foreclosing this issue for consideration by a three-judge court, should one be convened, this court does not find the language of this section to be "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" so as to violate "the first essential due process of law." *Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). "Impossible standards of specificity are not required." *Jordan v. De George,* 341 U.S. 223, 231–232, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951). Plaintiffs have contended that the Secretary's effort to introduce

evidence of allegations of criminal behavior is an indication of the vagueness of the statute. However, allegations of criminal behavior as the basis for a revocation would appear to be anticipated by at least three paragraphs of the statute indicating conditions for revocation:

"3. Been guilty of a fraudulent act in connection with selling, bartering, exchanging, offering for sale or otherwise dealing in vehicles, bodies and component parts.

\* \* \* \* \* \*

"10. Has converted an abandoned vehicle.

\* \* \* \* \* \*

"11. Has used a vehicle identification plate or number assigned to a vehicle other than the one to which originally assigned." 95½ Ill.Rev.Stats. § 5-501(a).

The court does not decide that the statute permits revocation on the basis of such anticipated conditions where the complaint is limited to other conditions.

An additional assault on the statute's constitutionality is that it fails to describe an adequate prior administrative hearing as to the revocation of certificates. While these revocations may in fact require such a hearing, it is not necessary for the statute to so direct. Plaintiffs' complaint is more properly aimed at the constitutionality of the statute as applied.[8] See *Santiago v. Corporacion De Renovacion Urbana, etc.*, 453 F.2d 794 (1st Cir. 1972) *Johnson v. Harder*, 438 F.2d 7 (2d Cir. 1971). On this theory plaintiffs as *individual* litigants are not likely to succeed, but they are not foreclosed from being adequate class representatives in the future, regardless of the outcome of their hearing, insofar as they contest the nature of the hearing available. *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *accord Sos-*

*na v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

CONCLUSION

For the foregoing reasons, the plaintiffs' motion for a temporary restraining order preventing the carrying out of the administrative hearing being afforded them by the Secretary of State is denied. Defendants will respond to plaintiffs' motion and supporting memorandum for the convention of a three-judge court within seven days of this order.

---

8. To the extent that *Warner v. Trombletta*, supra, is not distinguished by the state court construction that no appeal of revocation was permissible under the relevant statute, this court declines to follow that decision to require a revocation statute to incorporate procedural safeguards.