377 A.2d 229.

FREDERICK WILFRED MILLETT *et al.*
*vs.* HOISTING ENGINEERS' LICENSING DIVISION OF THE
DEPARTMENT OF LABOR *et al.*

AUGUST 29, 1977

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

286

BEVILACQUA, C.J.  This appeal is from a judgment entered for the defendant, The Board of Examiners of Hoisting Engineers (the licensing board), in a declaratory judgment action to determine the validity and applicability of certain regulations promulgated by the licensing board. The plaintiffs filed their complaint pursuant to the provisions of G.L. 1956 (1969 Reenactment) §42-35-7 of the Administrative Procedures Act.

The complaint discloses the following facts. The plaintiffs, Frederick Millett, a Canadian citizen, and Dana Cushing, are residents of Massachusetts and have been duly examined and issued hoisting engineers' licenses by that state. In June of 1971 they applied to the licensing board for

similar licensure in Rhode Island. Their applications were returned, however, with an accompanying notification that it was the policy of the licensing board not to issue licenses to non-residents of Rhode Island unless there was to be employment within the state. Thereafter, plaintiffs' employer advised the licensing board by letter that plaintiffs had employment within the state and their applications were subsequently renewed.

On March 21, 1972, plaintiffs were individually administered oral examinations by the licensing board. The examinations were conducted pursuant to the "Rules and Regulations for Examining and Licensing of Hoisting Engineers," which had been adopted by the licensing board and duly filed with the Secretary of State of Rhode Island. Except for the three members of the licensing board, there were no witnesses present during the examinations and no record of the examinations was maintained. Thereafter, plaintiffs were notified by letter that they had failed to pass the examination.

The plaintiffs then commenced this action in Superior Court alleging that Rule 1 and Rule 9 of the licensing board's regulations were invalid. Rule 1 provides that every applicant for a hoisting engineers' license shall appear before the board and "pass a satisfactory examination which may consist of oral or written questions or a combination of both." Rule 9 provides that a hoisting engineers' license shall not be granted to an applicant who has not been a resident of Rhode Island for a period of at least 1 year. The plaintiffs contend that Rule 1 does not provide adequate safeguards to preclude discriminatory action by the licensing board, that Rule 9 is unconstitutional, and that both rules have been applied by the licensing board so as to discriminate against non-union members and nonresidents.

At the hearing in Superior Court, plaintiffs, in response to questions initiated by the trial justice, testified that they felt they had been unfairly tested because of their non-union

status. They did not attempt to establish that they should have been issued a hoisting engineers' license on the basis of their responses to questions asked during the licensing examination.[1] At the hearing a former member of the board at the time plaintiffs were examined was called as a witness to testify as to what took place at that time. Each of the three board members asked the applicants a number of questions drawn from an established list compiled by the licensing board for such use. The content of the questions dealt with the technical operation and mechanics of engines as well as rules of safety when operating the machinery. A record was kept by the examiner of which questions were asked of each applicant and the score he received for that question. No record, however, was kept of the applicants' actual answers. An average of 70 or better was necessary in order to achieve a passing grade. The board's records indicate that plaintiff Cushing received scores of 20, 65, and 39 while plaintiff Millett received scores of 20, 50, and 53.

After presentation of plaintiffs' case, the licensing board moved for entry of judgment for defendants. It contended that there was no showing of unfairness to plaintiffs and that because they were permitted to take the examination, the board had waived the residency requirement; therefore, this particular allegation was rendered moot.

The trial justice granted the board's motion, treating it as one of involuntary dismissal under Super. R. Civ. P. 41(b)(2). He found that there was insufficient evidence presented by plaintiffs which would permit the court to conclude that the rules or their threatened application interfered with or impaired the legal rights or privileges of plaintiffs. Dismissal was granted without prejudice to plaintiffs' rights to return at a future time and present further evidence to substantiate their claims.

---

[1] We note that the plaintiffs did not in this action seek the immediate issuance of a license.

In urging error, plaintiffs contend that the trial justice misconceived the nature of relief sought in their declaratory action and the evidence required to support such relief. Specifically, they attack the trial justice's belief that in order to be entitled to relief, plaintiffs must establish as a matter of fact that their legal rights or privileges were interfered with by application of the licensing board's rules.

The initial question which this court must determine on appeal is the propriety of the trial justice's decision to grant the motion for entry of judgment in defendants' favor.

The purpose of declaratory judgment actions is to render disputes concerning the legal rights and duties of parties justiciable without proof of a wrong committed by one party against another, and thus facilitate the termination of controversies. 1 Anderson, *Actions for Declaratory Judgments* §4 (2 ed. 1951). *Theroux* v. *Bay Assoc., Inc.*, 114 R.I. 746, 748, 339 A.2d 266, 267 (1975); *Portsmouth Hosp.* v. *Indemnity Ins. Co.*, 109 N.H. 53, 242 A.2d 398 (1968); *Davis* v. *State*, 183 Md. 385, 37 A.2d 880 (1944). In light of their highly remedial nature then declaratory judgment statutes should be liberally construed; they should not be interpreted in a narrow or technical sense. *Sherwood Medical Indus. Inc.* v. *Deknatel, Inc.*, 512 F.2d 724 (8th Cir. 1975); *Beacon Constr. Co.* v. *Matco Elec. Co.*, 521 F.2d 392 (2d Cir. 1975); *Beaudoin* v. *State*, 113 N.H. 559, 311 A.2d 310 (1973). Naturally, there remains the prerequisite that the party seeking declaratory relief present the court with an actual controversy. *Malinou* v. *Powers*, 114 R.I. 399, 404, 333 A.2d 420, 423 (1975); *Goodyear Loan Co.* v. *Little*, 107 R.I. 629, 269 A.2d 542 (1970); *Lamb* v. *Perry*, 101 R.I. 538, 225 A.2d 521 (1967). Trial justices may not dispense with the traditional rules prohibiting them from rendering advisory opinions or adjudicating hypothetical issues. *Lamb* v. *Perry, supra.*

The principles outlined in the preceding paragraph describing generally the nature and scope of declaratory ac-

tions are applicable with equal force to §42-35-7, the statutory provision pursuant to which the complaint in the instant case was filed. That provision reads:

> "Declaratory judgment on validity or applicability of rules. — The validity or applicability of any rule may be determined in an action for declaratory judgment in the superior court of Providence county, when it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question."

Interpretation of this statute presents a question of first impression in Rhode Island and, while it was based on an identical provision in the Model State Administrative Procedures Act, which has been adopted in substantial part in at least 27 states, there is a conspicuous absence of decisional law interpreting its language. Nevertheless, since the previously discussed principles relating generally to declaratory relief are applicable to this statute, it is clear that to warrant a determination by the trial justice of the validity of the questioned rules, plaintiffs must demonstrate a sufficent allegation of interest. *Malinou* v. *Powers; Goodyear Loan Co.* v. *Little; Lamb* v. *Perry,* all *supra.* That is, appropriate facts must be established from which the trial justice may determine that an actual controversy relating to the validity of the agency's rules exists.

The major thrust of plaintiffs' complaint is an attack on the facial validity of the board's rule permitting it to administer oral examinations. Their belief is that the rule violates fundamental due process insofar as it does not provide for adequate safeguards to preclude discrimination on the part of the board's members.

At the hearing it was not disputed that plaintiffs had sought licensure to operate hoisting equipment in this state and were denied it. Furthermore, the evidence presented indicated that no record of plaintiffs' actual answers to questions asked during the examination was kept.

Clearly, under these circumstances plaintiffs have a legal interest in the relief they seek. That is, they have presented sufficient facts giving rise to some conceivable legal hypothesis which will entitle them to some relief against defendant. 1 Anderson, *Actions for Declaratory Judgments* §14 (2d ed. 1951); *see Goodyear Loan Co.* v. *Little, supra* at 631, 269 A.2d at 543 (1970). We conclude, then, that plaintiffs presented the trial justice with sufficient facts entitling them to a declaratory judgment as to the validity of the licensing board's rule providing for oral examinations.

■  With respect to the licensing board's rule establishing a 1-year residency requirement, the trial justice apparently believed that plaintiffs had not established that the rule interfered with their legal rights since they were allowed to take the examination. While it was not expressly stated in the pleadings or at the hearing, it is reasonable to infer from what has been established that plaintiffs intend to reapply for a hoisting engineers' license in which case the residency requirement could be used to block their successful application for licensure. Accordingly, since the residency rule "threatens to interfere with or impair, the legal rights or privileges" of plaintiffs[2] within the meaning of §42-35-7 they were entitled to have its validity determined by the trial justice.

■  Our conclusion that the trial justice was in error in refusing to render a declaratory judgment would normally require that the case be remanded to the trial court for further proceedings. However, in view of the fact that the issues in-

---

[2]In view of the fact that the plaintiff Dana is a Canadian citizen Rule 9 would preclude him from obtaining a license.

volved depend entirely on questions of law, we consider them in the interest of avoiding further delay.

Since the commencement of this action in Superior Court, the Rules and Regulations for Examining and Licensing Hoisting Engineers have been revised.[3] The pertinent revised rules are as follows:

> "1. Every applicant for a hoisting engineer's license shall appear before the examining board for examination. Examinations may be given orally, in writing , or a combination thereof. In addition to the herein above enumerated examinations, on-the-job examinations may be conducted by the Board."
>
> * * *
>
> "7. Licenses shall in no case be granted to an applicant who is not a citizen of the United States."[4]

With respect to Rule 1 the state contends that inasmuch as the present rules and regulations provide that candidates may choose a written examination, this question has become moot. We could agree with the state's contention if in fact Rule 1 allowed a candidate the option of selecting either an oral or written examination. An accurate reading of the rule, however, indicates that the choice as to the form of the examination lies with the board. Thus, this issue is not rendered moot and, accordingly, the constitutionality of this rule is at issue.

The plaintiffs contend that Rule 1 insofar as it provides for oral examinations without any provision for the recording of questions and answers violates due process. Specifically they argue that Rule 1 does not provide adequate

---

[3]The legislation authorizing the board to "make *suitable* rules and regulations for examining and licensing of hoisting engineers" is G.L. 1956 (1968 Reenactment) §28-26-4 (emphasis added).

[4]While the record contains no statement of the licensing board's revised rules and regulations, we can take judicial notice of those regulations which an inferior tribunal of original jurisdiction may have properly noticed. *Hooper* v. *Goldstein*, 104 R.I. 32, 37, 241 A. 2d 809, 812 (1968).

safeguards to preclude arbitrary or discriminatory action by the licensing board, since the failure to record questions and answers during the examination prevents meaningful review of the board's action.[5]

It is well established that "[a] State cannot exclude a person from the practice of law or from any other occupation *in a manner* or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." (Emphasis added.) *Schware* v. *Board of Bar Examiners*. 353 U.S. 232, 238-39, 77 S. Ct. 752, 756, 1 L. Ed. 2d 796, 801 (1957). *See also Hallmark Clinic* v. *North Carolina Dep't of Human Resources*, 380 F. Supp. 1153 (E.D.N.C. 1974); *Mackay* v. *Nesbett*, 285 F. Supp. 498 (D. Alaska 1968). However, the procedural safeguards that must constitutionally attend proceedings granting, revoking or transferring licenses necessary to carry out an occupation follow no certain formula. *See Do-Right Auto Sales* v. *Howlett*, 401 F. Supp. 1035 (N.D. Ill. 1975); *accord, Raper* v. *Lucey,* 488 F.2d 748 (1st Cir. 1973). The identification of the precise dictates of due process requires a balancing of the governmental and personal interests and burdens involved. *Fusari* v. *Steinberg*, 419 U.S. 379, 95 S. Ct. 533, 42 L. Ed.2d 521 (1975); *Cafeteria & Restaurant Workers Union, Local 473* v. *McElroy*, 367 U.S. 886, 81 S. Ct. 1743, 6 L. Ed. 2d 1230 (1961); *Do-Right Auto Sales* v. *Howlett, supra*. *See also State* v. *Ouimette*, 117 R.I. 361, 367 A.2d 704 (1976).

The plaintiffs' strong interest in having a record kept of the questions and answers of each oral examination is clear. In exercising its power to approve or deny plaintiffs' application for a license, as distinguished from its power to

---

[5]General Laws 1956 (1969 Reenactment) §42-35-18(b)(6) of the Administrative Procedures Act (APA) specifically exempts the procedures of the Board of Examiners of the Hoisting Engineers from the notice and hearing provision, the provision requiring specific findings of fact in any contested case, and other enumerated provisions of the APA. Thus, the licensing board is under no statutory requirement that it support its decision in writing and include therein findings of fact.

adopt regulations, the board acted in an administrative rather than legislative capacity. *See Potter* v. *Board of Selectmen,* 166 Conn. 376, 349 A.2d 844 (1974). It is well established that due process within administrative procedures requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *Raper* v. *Lucey, supra* at 753, *quoting Goldberg* v. *Kelly,* 397 U.S. 254, 267, 90 S. Ct. 1011, 1020, 25 L. Ed. 2d 287, 299 (1970). *See also Greene* v. *McElroy,* 360 U.S. 474, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959); *Schware* v. *Board of Bar Examiners, supra; Orr* v. *Trinter,* 444 F.2d 128 (6th Cir. 1971). Although plaintiffs in the instant case had the opportunity to challenge the board's denial of their applications for a license, we are unable to comprehend how such a review could be said to be "meaningful" in the absence of a record of the oral examination. Here, there was no record except the board's conclusory finding that plaintiffs failed the oral examination. Without a record of questions and answers, an applicant could not hope to prove that the board's action in denying his license application was arbitrary, capricious or discriminatory; any meaningful review if effectively precluded. By this we do not mean that courts "will not embark on an investigation to ascertain the integrity of the examination results in the absence of clear unequivocal allegations of probative facts that would establish fraud, imposition, discrimination or manifest unfairness on the part of the examiners." *In re DeOrsey,* 112 R.I. 536, 543, 312 A.2d 720, 724 (1973). However, where this condition is met, courts will review to determine whether the board was clearly wrong or abused its discretion. *In re DeOrsey, supra; In re Capace,* 110 R.I. 254, 291 A.2d 632 (1972).

We are of the opinion that the countervailing governmental interests are insubstantial in comparison with the interests of the applicants. Any financial burden that such recordkeeping would impose appears minimal. Moreover, we do not believe the additional administrative effort involved in keeping a record of the answers would be unduly

burdensome, particularly in view of the fact that the licensing board presently keeps some record of the questions asked.

In attempting to achieve the appropriate balance of governmental and personal interests, we are mindful that "due process cannot tolerate a licensing system that makes the privilege of doing business dependent on official whim." *Hallmark Clinic* v. *North Carolina Dep't of Human Resources, supra* at 1158, *citing Yick Wo* v. *Hopkins,* 118 U.S. 356, 370, 6 S. Ct. 1064, 1071, 30 L. Ed. 220, 226 (1886). Thus, we conclude that a licensing agency rule providing for oral examinations which makes no provision for the recording of questions and answers violates the guarantees of due process.

With respect to the validity of Rule 7 of the revised rules, providing that licensure shall not be granted to applicants who are not citizens of the United States, we are guided by the standards enunciated in recent Supreme Court decisions. *Examining Bd. of Eng'rs. Architects & Surveyors* v. *Flores de Otero,* 426 U.S. 572, 96 S. Ct. 2264, 49 L. Ed. 2d 65 (1976); *In re Griffiths,* 413 U.S. 717, 93 S. Ct. 2851, 37 L. S. Ct. 2842, 37 L. Ed. 2d 853 (1973); *Graham* v. *Richardson,* 403 U.S. 365, 91 S. Ct. 1848, 29 L. Ed. 2d 534 (1971). An analysis of these cases reveals that state classifications based on alienage are subject to "strict judicial scrutiny." In order to withstand such scrutiny the state must be able to satisfy the burden of demonstrating that in imposing the classification" its purpose or interest is both constitutionally permissible, and substantial, and that its use of the classification is 'necessary * * * to the accomplishment' of its purpose or the safeguarding of its interest." *In re Griffith, supra,* at 721-22, 93 S. Ct. at 2855, 37 L. Ed. 2d at 915. These principles have found particular application when aliens have been restricted from engaging in private enterprise and occupations that are otherwise lawful, and these restrictions have been uniformly struck down. *E.G., Examining Bd. of Eng'rs, Architects & Surveyors* v. *Flores de*

*Otero; In re Griffiths,* both *supra; Truax* v. *Raich,* 239 U.S. 33, 42, 36 S. Ct. 7, 11, 60 L. Ed. 2d 131, 135 (1915).

In the instant case the state has failed to claim any interest whatsoever, nor can we conceive of any substantial or constitutionally permissible interest that would justify the discrimination between aliens and citizens. Accordingly, we hold that the licensing board's restriction on the ability of aliens to become licensed hoisting engineers is unconstitutional.

The plaintiffs' appeal is sustained, and the judgment appealed from is reversed.

*Joseph DeGianfilippo,* for plaintiffs.

*Julius C. Michaelson,* Attorney General, *W. Kenneth O'Donnell,* Special Assistant Attorney General, for defendants.