[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is an appeal by Joan Miele, M.D. (hereinafter the plaintiff) from a February 27, 1990 decision of the Rhode Island Board of Medical Licensure and Discipline (hereinafter the Board) suspending the plaintiff's license to practice medicine until she completes a two year, Board approved residency program. Jurisdiction in this Superior Court is pursuant to 1956 Rhode Island General Laws (1988 Reenactment) §42-35-15.
CASE TRAVEL FACTS
On September 8, 1987 and September 18, 1987, the Board received letters from Dr. A and patient A respectively, concerning the treatment rendered patient A by the plaintiff on September 3, 1987. In addition, physician B sent the Board a letter on November 5, 1987 regarding the care given to patient B by Dr. Miele.
In response to these complaints the Board, pursuant to 1956Rhode Island General Laws (1987 Reenactment) § 5-37-1.2
appointed from its members a committee to conduct a preliminary investigation and report its findings. Following the evaluation given the Board by this committee, the Board responded by setting the matter down for hearing on March 15, 1989.
During a series of hearings, the Board listened to testimony of witnesses for both sides. After evidence was presented by plaintiff and defendants, the Board promulgated its order, dated February 27, 1990, charging Dr. Miele with "unprofessional conduct" as defined in 1956 R.I.G.L. (1987 Reenactment) §5-37-5.1. From this decision, the plaintiff has filed the instant appeal.
Essentially, the plaintiff here argues that her due process rights were violated because the statute under which the Board finds her liable, § 5-37-5.1 on unprofessional conduct, is unconstitutional in that it lacks an articulable standard of proof. Further, the plaintiff claims that the Board's decision is void because no procedural rules have been adopted as required under the Administrative Procedures Act, 1956 R.I.G.L. (1988 Reenactment) § 42-35-2 and thereby she claims she has been denied a fair hearing. In addition, based on the above reasons and a statement in the order citing that the Board believed the testimony of a witness who never testified at the hearing, Dr. Miele concludes that the Board decision is both arbitrary and capricious.
 Appellate Jurisdiction
Pursuant to 1956 R.I.G.L. (1987 Reenactment) § 5-37-7, this superior court possesses appellate jurisdiction to review the decisions of the Board. However, the scope of this court's review is limited by § 42-35-15. The court cannot substitute its judgment on fact questions for agency findings. NarragansettWire Co. v. Norberg, 376 A.2d 1, 118 R.I. 285 [118 R.I. 596], 291 (1974). The court will reverse the agency on findings of fact only when they are completely lacking evidentiary support in the record. GreatAmerican Nursing Centers v. Norberg, 567 A.2d 354, 357 (R.I. 1989). In reviewing an administrative decision, the court will not weigh the evidence. St. Pius x Parish Corp. v. Murray,557 A.2d 1214, 1218 (R.I. 1989). It will merely search for evidence which could support the agency decision under review. Almsteadv. Dept. of Employment Security, Bd. of Review, 478 A.2d 980, 982-83 (R.I. 1984).
Due Process
At issue in this case is the plaintiff's contention that §5-37-5.1 defining unprofessional conduct is unconstitutional as said statute fails to state the standard of proof required to find the plaintiff in violation thereof. The statute merely indicates conduct which is defined as unprofessional within §5-37-5.1 not the amount of evidence needed to show such conduct has occurred. Therefore, the plaintiff asserts her due process rights have been violated in that she has been denied the opportunity for a meaningful appeal.
It is undisputed that due process rights may not be ignored by the agency in administrative hearings. However, based on the informal nature of an administrative agency, the guarantees of due process are fulfilled by said agency if the defendant is given the opportunity to be heard at a meaningful time in a meaningful manner. Millett v. Hoisting Engineers LicensingDivision of the Department of Labor, 119 R.I. 285, 296,377 A.2d 229, 235-36 (1977). Recently, in a case heard before the Supreme Court of this state, the Department of Environmental Management was found to have violated the due process rights of a private individual by denying the plaintiff an opportunity to be heard.Vito v. Dept. of Environmental Mgt., 589 A.2d 809, 813 (R.I. 1991). In Vito, the court found administrative delay in conducting hearings to be an important factor in assessing the sufficiency of agency process and said delay weighed heavily in favor of the plaintiff when the court balanced private against governmental interests. Id.
In the case at bar, the Board acted promptly allowing the plaintiff an opportunity to be heard at a meaningful time by setting the matter down for hearing soon after an investigation into the merits of the complaints against the plaintiff were complete. Consequently, this court finds that the Board was diligent in protecting the private interest of the plaintiff to practice medicine as well as the government interest in the health and safety of its citizens.
Furthermore, in order to insure the private individual is heard in a meaningful manner, administrative agencies follow the rules of evidence used in civil courts according to the dictates of 1956 Rhode Island General Laws (1988 Reenactment) § 42-35-10
which states, "[t]he rules of evidence as applied in civil cases in the superior courts of this state shall be followed . . .". Consequently, as in civil judicial proceedings, the standard of proof which must be met by an agency is a preponderance of the evidence standard and this is the standard which is generally followed in an administrative hearing. Craven v. State EthicsCommission, 390 Mass. 919 (1988) (not denied due process where state Ethics Commission applied preponderance standard);Steadman v. SEC, 450 U.S. 91 (1980) (preponderance standard is used to judge alleged SEC violations). Preponderance is defined as evidence which is of greater weight than its opposition. It is evidence which, as a whole, shows that the fact to be proved is more probable than not. H.C Black, Black's Law Dictionary (6th ed. 1990).
Based on the record before this court, the evidence on which the Board has based its decision in this case is clearly sufficient to meet a preponderance standard. The Board received letters, conducted investigations and heard testimony by witnesses for both sides. In addition, there is a presumption that the Board will properly consider this evidence before reaching a decision, Tomlin v. Personnel Appeal Board,177 Conn. 344, 348, 416 A.2d 1205, 1207 (1979). Moreover, the court will reverse the agency on findings of fact only when they are completely lacking evidentiary support in the record. GreatAmerican Nursing Centers v. Norberg at 357.
Citing Scuncio, a case in which the agency was overturned for lack of an articulable standard, the plaintiff attempts to compare the lack of a definitional standard with the lack of a standard of proof. Drive In Theatre, Inc. v. Scuncio,268 A.2d 820 (R.I. 1970). Plaintiff's reliance on Scuncio is misplaced. Unlike the agency in the case at bar, the agency in Scuncio
attempted to make a determination based solely on its own definition of the term obscenity without any statutory standards of guidance. Id. The court in Scuncio did not even address the amount of evidence required for obscenity because the term was void for lack of a statutory definition.
In the case before this court, the definition of unprofessional conduct is clearly set forth by the legislature in § 5-37-5.1 and includes; "willfully making and filing false reports", "willful misrepresentation in treatments", "professional or mental incompetency", "incompetent, negligent or willful misconduct in the practice of medicine . . .", and "medical malpractice". Further, despite the plaintiff's position otherwise, the Board need not state the standard of proof it used to weigh the evidence presented to it. Absent clear evidence to the contrary, the court assumes that the accepted preponderance standard is used. Roberts v. Zoning Bd. of Rev. of City ofPawtucket, 197 A. 461, 60 R.I. 202, 205 (1938). The Board need only express the facts on which their decision is based. HolyokeSt. Rep. Co. v. Dept. of Public Utilities, 347 Mass. 440, 450,198 N.E.2d 413 (1964).
Rules of Procedure
In addition, Dr. Miele questions the validity of the Board's decision because she claims that the Board has failed to adopt rules of procedure, namely rules concerning continuances. This court finds the above argument to be without merit because said rules and regulations were adopted and filed by the Dept. of Health on November 13, 1981, years prior to the plaintiff's hearing before the Board. Rules and Regulations Governing thePractices and Procedures Before the Rhode Island Department ofHealth (R 42-35-pp), May 1980 (Nov. 1981 as Amended). These rules set forth practices and procedures which govern matters before the Dept. of Health. Within these rules, the Department of Health specifically dictates that the procedures set forth are to be utilized by the Department and all boards and commissions therein. Pursuant to § 5-37-1.1, the Board of Medical Licensure and Discipline is "hereby created within the Dept. of Health". Therefore, said rules apply to the Board. Accordingly, this court rejects the plaintiff's argument that the Board has failed to comply with § 42-35-2 which requires each agency to "adopt rules of practice, setting forth the nature and requirements of all formal and informal procedures available . . ." In this instance, further action by the agency is unnecessary as their promulgation of additional rules with respect to procedure would be superfluous.
In addition to the rules promulgated by the Dept. of Health, Chapter 37 also provides rules concerning procedures before the Board in 1956 R.I.G.L. (1987 Reenactment). The rules included therein are: § 5-37-1.2 entitled "Examining Committees"; §5-37-5.2, "Complaints"; § 5-37-5.3, "Specification of Charges"; §5-37-5.4, "Time and Notice of Hearing"; § 5-37-6, Subpoenas — Contempt; § 5-37-6.1, Report of Hearing; § 5-37-6.2, "Decision of the Board"; § 5-37-6.3, "Sanctions"; § 5-37-7, "Appeal from the Decision of the Director"; and § 5-37-8, "Grounds for Discipline without Hearing".
Although the aforementioned statute, § 5-37-1.3, allows for the creation of additional rules, the statute indicates that further rules are to be promulgated by the Board "only as the Board "deems necessary" because comprehensive rules are already in existence in the statute itself and within the Department of Health, thereby satisfying the rule requirement of § 42-35-15.
Moreover, the plaintiff's claim that there are no provisions regarding continuances is unfounded. The rule governing continuances is clearly set forth in § 7.0 of the Rules and Regulations Governing the Practices and Procedures before the Rhode Island Dept. of Health. The above mentioned section provides in relevant part that a party who desires a continuance shall notify the Hearing Officer in writing immediately upon receipt of the notice of hearing stating in detail the reasons why it is necessary. The Hearing Officer shall consider whether it is promptly and timely made and he may grant such a request if good cause is shown. Further, if during the hearing the public interest or the interest of justice require that testimony or argument should be received, the Hearing Officer may at his discretion continue the hearing and fix the date for introduction of additional evidence.
Furthermore, it is well settled that continuances are discretionary even in judicial forums and will be granted, ". . . only upon motion for good cause shown and upon terms and conditions as the court shall determine." The agency need not formulate procedures beyond those required by judicial courts. Therefore, the Board may use its discretion to deny a continuance without violating any procedural rights.
On two alternate occasions, August 24, 1989 and September 26, 1989, Dr. Miele requested and was granted continuances by the Board to produce expert witnesses. On both of these dates, she was given the chance to present her experts. Further, denial of a continuance in this case does not impinge upon any of the plaintiff's substantive rights. Dr. Miele claims that because a continuance was denied by the Board on October 3, 1989, she was not afforded an opportunity to present expert witnesses on her behalf. There exists no violation of due process where the plaintiff is given an opportunity to exercise a right and fails to act upon it. Craig v. Pare, 497 A.2d 316, 320-21 (R.I. 1985).
In addition, it is irrelevant that Dr. Miele did not present expert witnesses on her behalf. Where there is sufficient evidence to apply its expertise, the Board may evaluate facts without the assistance of expert evidence. D'Amour v. Board ofReg. in Dentistry, 409 Mass. 572, 567 N.E.2d 1226, 1233 (1991). This court finds that there was sufficient evidence obtained through the committee's investigation and presentation of witnesses at the hearings including; A, C, patient A, physician C, and Dr. Miele and that therefore, the Board's decision is valid without additional testimony by experts for Dr. Miele.
Finally, Dr. Miele argues that the Board has made an arbitrary decision because, in its order, the Board stated that it "believed the testimony of patient B. Since patient B did not appear at the hearing, the plaintiff questions the Board's reliance on nonexistent testimony.
The court recognizes that an agency decision must not be arbitrarily made and may be set aside if irresponsible or based on inadequate findings of fact. C-Line, Inc. v. U.S.,376 F. Supp. 1043, 1049 (1974). However, in order for the court to find that the agency acted arbitrarily, there must be a clear error in judgment by the agency. Citizens to Preserve Overton Pack, Inc.v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823-24, 28 L.Ed.2d 136, 153 (1971). In the case at bar, the decision of the Board is not arbitrary or capricious because sufficient evidence is present in the record to support the Board's decision, even without testimony by patient B. Therefore, since the substantive rights of the plaintiff are unaffected by this statement made by the Board in its order, said statement or misstatement merely constitutes harmless error.
For the reasons stated herein, the decision of the Board which finds the plaintiff in violation of 1956 R.I.G.L. (1987 Reenactment) § 5-37-5.1(8), (14), (18), (19) (28) concerning patient A and § 5-37-5.1(8), (18), (19), and (28) regarding patient B is affirmed.
Counsel will prepare the appropriate judgment for entry.