DECISION
Before this Court is an appeal of a decision of the Tiverton Zoning Board of Review acting as the Planning Board of Appeal of the Town of Tiverton ("Board of Appeals") brought by James J. McInnis ("McInnis"), in his capacity as Trustee of the Tiverton Associates Trust ("the Trust"). Jurisdiction in this Court is pursuant to G.L. 1956 § 45-23-71. For the reasons discussed herein, this Court remands this case to the Board of Appeals.
 I Facts and Travel
The Trust holds title to forty-four acres of undeveloped land located on the southerly side of Souza Road in Tiverton ("the Parcel"). The Parcel is identified by the Tax Assessor as Lot 9, Block 92 on Maps 1-2. Until March 24, 2008, the Parcel was zoned "Highway Commercial," which Article III, § 1.g of the Tiverton Zoning Ordinance defines as "areas of the town where businesses which serve regional needs rely on easy vehicular access and large land areas for parking and development."
On March 24, 2008, McInnis filed a Master Plan Application for a Major Land Development Proposal to the Tiverton Planning Board to develop a project called Tiverton *Page 2 
Crossings on the Parcel. On the Planning Board Application Cover Sheet, McInnis checked the following blanks: "Major Land Development/Major Subdivision," "Informal Concept Plan Review," and "Master Plan." McInnis explains that Tiverton Crossing is to be a mixed used development with retail, restaurants, office space, a senior center, and space for municipal buildings. Brief of Pl./Appellee 4.
Also on March 24, 2008, but after McInnis submitted the Master Plan Application, the Tiverton Town Council amended the Tiverton Zoning Ordinance. The amendment changed the zone on the parcel from Highway Commercial to "R-40," a zone that limits development to residential properties with minimum lot sizes of 40,000 square feet.
Via a letter dated May 6, 2008, Christopher P. Spencer, Administrative Officer of the Planning Board ("Administrative Officer"), informed McInnis that the application had been denied based on the lack of a "pre-application meeting" pursuant to G.L. §§ 45-23-35 and 34-23-39 as well as § 23-26(b) of the Tiverton code. The crux of this letter was that without a pre-application meeting, his application was premature and could not be entertained by the Planning Board.
McInnis argues that by checking the blanks for both "Informal Concept Plan Review" and "Master Plan," he had concurrently filed for each part of the review process. He, therefore, filed an appeal to the Tiverton Planning Board of Appeals on June 4, 2008. On August 6, 2008, the Board of Appeals conducted a public hearing on this matter. At the hearing, the Board of Appeals refused to hear evidence because there was no record below since the application had been rejected by letter by the Administrative Officer. At the outset of the hearing, McInnis moved for Board of Appeals member Lise Gescheidt to recuse from this matter because of her *Page 3 
previous public remarks regarding commercial development on the Parcel. Ms. Gescheidt refused to recuse and fully participated in the proceedings.
On October 6, 2008, an additional public hearing was held at which the Board of Appeals deliberated on the matter. On October 21, 2008, the Board of Appeals issued a written decision unanimously upholding the Administrative Officer's rejection of the application. On November 6, 2008, McInnis filed the instant appeal. "When reviewing an agency decision . . . [t]he trial justice may affirm the agency's decision or remand the case for further proceedings." Mine Safety Appliances Co. v. Berry,620 A.2d 1255, 1259 (R.I. 1993).
 II Standard of Review
Rhode Island General Laws § 45-23-71(c) states that:
 "the court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Furthermore, this "Court may not substitute [its] judgment for that of a board of appeal if [it] conscientiously finds that a board of appeal's decision was supported by substantial evidence."Land-N-Sea Compound, et al v. South Kingstown Planning Board ofAppeals, *Page 4 2001 WL 118500, *3 (R.I. Super. 2001) (citing Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 III Analysis
On appeal, McInnis argues that the Board of Appeals improperly refused to take evidence during the hearing, that Lise Gescheidt improperly failed to recuse herself from the hearing, and that the Administrative Officer improperly rejected the application. This Court agrees that the Board of Appeals should have allowed McInnis to introduce evidence. This Court deems the recusal issue to be unripe for discussion until a record below can be built on the subject. Similarly, this Court will reserve judgment on the propriety of the Administrative Officer's actions until a record has been developed at the Board of Appeals level.
Remand for additional proceedings is appropriate when based "upon the fact that there is no record of the proceedings upon which a reviewing court may act." Roger Williams College v.Gallison, 572 A.2d 61, 63 (R.I. 1990). Here, the application was summarily rejected by the Administrative Officer, and the Board of Appeals refused to accept any evidence not submitted to the Administrative Officer. Such a progression of events creates a Catch-22 for McInnis and raises serious issues of due process. In Rhode Island "it is well established that due process within administrative procedures requires the opportunity to be heard `at a meaningful time and in a meaningful manner.'"Millett v. Hoisting Engineers' Licensing Division of Dept. ofLabor, 119 R.I. 285, 295-296, 377 A.2d 229, 235-236 (R.I. 1977) (quoting Raper v. Lucey, 488 F.2d 748, 753 (1st
Cir. 1973) (quoting Goldberg v. Kelly,397 U.S. 254, 267 (1970))). Furthermore, our Supreme Court has specifically stated that "the Tiverton Board of Appeals" is the proper place for "a record [to] be developed as to the past practices of the town." New England Development, LLC v.Berg, 913 A.2d 363, 367 (R.I. 2007). Therefore, McInnis should have *Page 5 
been afforded an opportunity to present evidence to the Board of Appeals in its public hearings in August and October 2008.
 IV Conclusion
For the reasons stated above, this Court finds that the decision of the Board of Appeals was based on an insufficient record of evidence. Because of the lack of record below, this Court does not, at this time, decide on the Plaintiff/Appellant's claims that the Administrative Officer acted outside his authority in denying the application or that board member Lise Gescheidt improperly failed to recuse or that the Administrative Officer improperly rejected the application. This Court hereby remands this matter to the Board of Appeals for a new hearing in which it accepts evidence from both parties. The new hearing should be properly advertised.
Counsel shall submit an appropriate order in accordance with the opinion.
 *Page 1