**WILLIAMS et al. v. McDANIEL.**

**No. 974.**

United States District Court,
D. Nevada.

Nov. 23, 1953.

---

George F. Wright of Wright & Eardley, Elko, Nev., for plaintiffs.

George L. Vargas of Griswold, Vargas & Bartlett, Reno, Nev., Orville R. Wilson, Elko, Nev., Rich & Strong, Salt Lake City, Utah, for defendant.

FOLEY, District Judge.

The First Amended Complaint was filed January 2, 1952. On February 14, 1952, defendant filed Motion to Dismiss Complaint, Motion to Strike portions of Complaint, and Motion to Make More Definite and Certain. Thereafter the Court entered its Order directing the parties to appear for a pre-trial conference and at the same time reserved disposition of the various motions until the time of the pre-trial conference or until the trial on the merits. At the time fixed for the pre-trial conference, the motions were ordered submitted on briefs and the pre-trial conference was postponed to a time to be fixed after the Court's action on the various motions.

No allegation as to the citizenship of the parties appears in the complaint.

Plaintiff alleges "that at all times herein mentioned, plaintiffs were and still are residents of the State of California; that at all times herein mentioned, the defendant was and still is a resident of the County of Elko, State of Nevada."

■ Rule 12(h), Fed.Rules Civ.Proc. 28 U.S.C.A., is as follows:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided for or, if he has made no motion, in his answer or reply, except * * * (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

"Diversity of citizenship as a basis for the jurisdiction of a cause in a District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship. * * *

" 'Citizens' and 'residents' are not synonymous, since a resident of one state may be a citizen of any other state, and in some cases, as for example jurisdiction of Federal District Courts, the distinction is important." Jeffcott v. Donovan, 9 Cir., 135 F.2d 213; Robertson v. Cease, 97 U.S. 646, 24 L.Ed. 1057; Wyman v. Wyman, D.C.Nev., 49 F. Supp. 952.

■ It appears from the complaint here that the alleged ground of jurisdiction is diversity of citizenship. The allegation is defective and if it is a fact that diverse citizenship existed between the parties at the time this action was brought, plaintiff should be given an opportunity to amend his complaint by virtue of 28 U.S.C.A. § 1653.

28 U.S.C.A. § 1653:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Motion to Dismiss.

Defendant bases her motion to dismiss upon three grounds, the first of which is that the complaint does not state a claim upon which relief can be granted. In support of this ground she urges (a) that the causes of action, if any, did not survive the death of J. B. McDaniel, the alleged wrongdoer; (b) the averments of the complaint are insufficient to place any liability upon defendant for the alleged tort of her husband, J. B. McDaniel. Pertinent allegations of the complaint are as follows:

Paragraph IV of the First Cause of Action:

"That on December 2, 1949, at about 3:15 p. m. Oren Wilson was driving a certain 1940 Plymouth sedan automobile in a westerly direction on said United States Highway 40 approximately sixteen miles east of the City of Elko, County of Elko, State of Nevada; that at said time and place one J. B. McDaniel, a resident of Wells, Nevada, so negligently operated, drove, and controlled a certain 1946 Buick sedan automobile, Nevada license no. 38–364 in an easterly direction on said U. S. Highway 40 so as to proximately cause the said 1946 Buick sedan automobile to forcibly strike and collide with the said 1940 Plymouth sedan automobile operated by said Oren Wilson. That at the time of said collision Barbara Williams was a passenger in said 1940 Plymouth sedan automobile."

Paragraph V of the First Cause of Action:

"That at the time of the above accident and prior thereto the defendant, Helen V. McDaniel, and said J. B. McDaniel were associated together in business in the City of Wells, County of Elko, State of Nevada, and owned and operated various buildings as joint tenants with right of survivorship, and at the time of the above accident were jointly constructing a certain building known as an auto court in the City of Wells, County of Elko, State

of Nevada; that at the time of said accident and prior thereto, said J. B. McDaniel was the manager of the joint venture of the business conducted and carried on by said J. B. McDaniel and defendant, Helen V. McDaniel, and said J. B. McDaniel at the time of said accident was the agent of the said joint venture consisting of said defendant and said J. B. McDaniel, and at the time of said accident was acting on behalf of said joint venture and within the scope and course of his agency."

Paragraph VI of the First Cause of Action:

"That the said J. B. McDaniel died on December 2, 1949, after the above accident."

Paragraphs IV, V and VI of the first cause of action are by reference incorporated in the second cause of action.

In Bonfils v. Hayes, 70 Colo. 336, 201 P. 677, 678, the Supreme Court of Colorado in its opinion stated:

"Anna Hayes, defendant in error, brought suit against Bonfils, Tammen, and Litzenberger, and had a verdict and judgment for the death of her daughter by the negligence of their servant. They bring error.

"The defendants were stockholders and directors of a corporation and were actively engaged in its business of printing and publishing the Denver Post. After the expiration of its 20 years of existence according to the statute, which was November 4, 1915, they continued business under the corporate name, and while they were doing so, September 16, 1916, a boy, driving a delivery wagon about the said business, ran down plaintiff's daughter and killed her.

* * * * * *

"(5) Some argument is made that the defendants are not partners even if there was no corporation; but if they were actively co-operating in a business enterprise, and in connection therewith committed the

tort in question, they are liable whatever the title of their combination—partners, co-adventurers, joint tort-feasors, or what. [Citing cases.]

"Their active co-operation in the business, there being no corporation, makes them responsible for its liabilities, and able to demand its dues. * * *"

■■■ A definition of joint adventure is set forth by the Court in Parker v. Trefry, 58 Cal.App.2d 69, 136 P.2d 55, 58:

"(1–6) 'The courts have not laid down an exact definition of the term "joint adventure"; nor is it possible to enunciate a general rule by means of which the question as to what amounts to a joint adventure may be answered, inasmuch as the answer depends largely upon the terms of the particular agreement, upon the construction which the parties have given it, as indicated by the manner in which they have acted under it, and upon the nature of the undertaking, as well as upon other facts. * * * It may be stated in general terms that the relation of joint adventurer is created when two or more persons combine their money, property or time in the conduct of some particular line of trade, or for some particular business deal, agreeing to share jointly, or in proportion to the capital contributed, in the profits and losses, assuming that the circumstances do not establish a technical partnership. * * * To constitute a joint adventure, the parties must combine their property, money, efforts, skill or knowledge in some common undertaking. The contributions of the respective parties need not be equal or of the same character, but there must be some contribution by each coadventurer of something promotive of the enterprise. Although it has been contended that the property with which the parties to a joint adventure are to operate must be acquired after the relationship has come into existence, it seems clear that it is immaterial whether the property involved was individually owned before the joint venture was entered upon or was afterward acquired, so long as it was contributed and devoted to the uses and purposes of the enterprise. * * * a joint proprietary interest and right of mutual control over the subject matter of the enterprise or over the property engaged therein is essential to a joint adventure.' "

It may be in view of Estes v. Riggins, Nev., 232 P.2d 843, no cause of action survived against the estate of J. B. McDaniel, his legal representatives or his heirs as such, however, plaintiff's theory is that a cause of action exists against the defendant Helen V. McDaniel as a joint adventurer with J. B. McDaniel by virtue of negligence of J. B. McDaniel occurring while said J. B. McDaniel was acting within the scope and course of the joint adventure.

■ The complaint is not vulnerable to attack on either of the grounds contained in Paragraph I(a) or I(b) of the motion to dismiss.

The second objection to the complaint has been abandoned by defendant for the reason that Chester Williams has been appointed by this Court and now is guardian of the said John Lusher Tedrow, also known as John Chiles.

As the third ground or reason why the complaint should be dismissed, defendant contends that this Court does not have jurisdiction over the second alleged cause of action. The so-called second cause of action in Paragraph I thereof incorporates by reference Paragraphs II to VII inclusive of the first cause of action. Paragraphs II, III and IV of the second cause of action set forth claimed items of special damages alleged to have resulted from the claimed negligence of J. B. McDaniel, as set forth in Paragraph IV of the first cause of action. The aggregate amount of the items of special damage alleged in said paragraphs is $2,091.60. Defendant bases her attack on said second cause of action upon the fact that the aggregate

amount of special damages claimed does not equal $3,000.

■■■■ The Court should look to the substance of the pleading rather than to its form. The evident purpose of the so-called second cause of action is merely to set forth items of damages growing out of the transaction or alleged wrong, which is the basis of plaintiff's first cause of action and is not the proper subject of a separately stated cause of action. The language of the Circuit Court, N.D. California, in Breard v. Lee, 192 F. 72, 75, is appropriate here:

"Defendant confuses different elements of damage with separate causes of action. But those elements all grow out of one and the same transaction, and are not the basis of separate demands, and the plaintiff would not be at liberty to divide them into separate actions. No matter how numerous the items of damage, if they all flow from one wrong, they are the subject of but one action."

Also see Doak v. Mammoth Copper Mining Co. of Maine, C.C.N.D.Cal., 192 F. 748.

The allegations contained in the so-called first and second causes of action should be and will be considered by the Court as a statement of but one cause of action. Viewing the complaint as stating but one cause of action, it is apparent that the amount claimed is above the jurisdictional requirement.

Motion to Strike.

■■■■ Defendant moves to strike all items in Paragraph II of the second alleged cause of action. As heretofore noted, said Paragraph II sets forth items of special damages. These consist of amounts incurred and paid in connection with the medical care and burial of said Barbara Williams including an item for loss of clothing of Barbara Williams.

30 C.J. 606, § 156:

"Funeral Expenses. At common law the husband is liable for the reasonable funeral expenses of his wife. The obligation of the husband is sometimes placed in whole or part on the ground of common decency; but it is generally deemed to be included in, or to be incident to, or to grow out of, the duty to support and maintain the wife while living and to furnish her with necessaries." See, also, 41 C.J.S., Husband and Wife, § 61.

30 C.J. 603, § 146:

"Professional Services—(a) Medical and Dental Services. Medical services are necessaries within the rule making the husband liable for necessaries furnished to the wife. * * *" See, also, 41 C.J.S., Husband and Wife, § 60.

30 C.J. 603, § 145:

"Articles of Dress or Ornament. Articles of ordinary wearing apparel of the wife are prima facie necessaries. But the authority of the wife to bind the husband by purchases of articles of dress or ornament for herself cannot be implied, except for such articles as are suitable to her condition and his ability to pay. The question whether articles of clothing which are not necessaries, strictly speaking, are necessaries in the sense that they are articles of dress suitable to the wife's station in life, her husband's means, and their standards of living which the husband himself had adopted and approved, is one of fact for the jury." See, also, 41 C.J.S., Husband and Wife, § 59.

3 Ohlinger's Fed.Prac. 218, 219:

"A motion to strike under Fed. Rules Civ.Proc. rule 12(f), 28 U.S. C.A., is not favored and should be granted only when the allegations complained of have no possible relation to the controversy. Matter will not be stricken unless it has no relation to the controversy in any way and its presence in the pleading will cause prejudice which cannot be prevented by action at a pre-trial conference or by a charge of the Court to the jury."

Motion to Make More Definite and Certain.

For the reasons stated in Swensen v. McDaniel, D.C., 119 F.Supp. 152, defendant's motion to make more definite and certain should be denied.

Now, Therefore, it is Hereby Ordered:

That plaintiff be, and he hereby is, authorized to amend his complaint to show diverse citizenship of the parties, if he be so advised;

That unless the plaintiff, Chester Williams, avails himself of the right to make an amendment showing diversity of citizenship within thirty (30) days from the date of the filing of this Order, the Court will, upon the application of the defendant, or upon its own motion, enter its Order dismissing this action, without prejudice, for want of jurisdiction;

That defendant's motion to dismiss be, and the same hereby is, denied upon all the grounds stated in said motion;

That defendant's motion to strike portions of complaint be, and the same hereby is, denied in its entirety;

That defendant's motion to make more definite and certain be, and the same hereby is, denied.