339 A.2d 266.

JOSEPH G. THEROUX *et al. vs.* BAY ASSOCIATES, INC. *et al.*

JUNE 13, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This complaint for a declaratory judgment was brought by Joseph G. Theroux and Joseph T. Theroux against Bay Associates, Inc., Clovis H. St. Germain, B & S Realty Co., Inc., and Peter Barrett, pursuant to the provisions of G. L. 1956 (1969 Reenactment) chapter 30 of title 9. The plaintiffs therein sought a declaratory judgment that a contract for the sale of a certain tract of land entered into with the defendant Bay Associates, Inc., had terminated. The case was heard by a justice of the Superior Court sitting without a jury, who entered a judgment declaring the agreement to have been terminated. From this judgment the defendants have prosecuted an appeal to this court.

It appears that plaintiff Joseph G. Theroux and defendant Bay Associates, Inc., entered into a purchase and sale agreement involving a tract of land located on Tower Hill Road in South Kingstown at a purchase price of $27,500. The agreement contained the following provision: "Purchase subject to Zoning Change from R 40 to Business,* Buyer to pay all expenses involved and to pay commission of Regent Realty. If zone change denied, deposit to be returned to buyer."[1] It is not disputed that plaintiff Joseph G. Theroux and defendant Peter J. Barrett filed a petition requesting the Town Council of the Town of South Kingstown to amend the zoning ordinance in order to make the real estate in question eligible for business uses. On January 24, 1972, following a public hearing by the town council, the petition was denied. Thereafter, Barrett appealed from the decision of the town

---

[1]The agreement also provided: "*the term 'subject to Zoning Change' as referred to above is defined as follows: first, a change in the zoning ordinance by enactment of the Town Council of the Town of South Kingstown; second, in the event said enactment is called into question in any court of competent jurisdiction the determination by said court or courts that said zoning change is a valid enactment of said Town Council."

council denying the petition to amend the zoning ordinance. That case is still pending in the Superior Court for Washington County.

The defendants contend, first, that the granting of the declaratory judgment in this case constituted an abuse of the trial court's judicial discretion. The reason, they argue, is that the issue concerning which declaratory judgment has been sought could have been decided in a pending action, namely, the appeal of defendant Barrett from the town council's decision denying the change in zoning. That action is, of course, pending in the Superior Court.

The obvious purpose of the Uniform Declaratory Judgments Act is to facilitate the termination of controversies. Section 9-30-5 of the Act gives the courts broad power to issue declaratory judgments "* * * where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." In §9-30-6 of the Act the courts are given a broad discretion to deny declaratory relief where it would not have the effect of terminating a controversy or relieving an uncertainty that gave rise to the proceeding.

In *Employers' Fire Ins. Co.* v. *Beals,* 103 R. I. 623, 240 A.2d 397 (1968), we said that where there is another action pending, it is within the sound judicial discretion of the court to grant or withhold declaratory relief. Fundamentally, we there said that if the issue on which the declaratory relief is sought is separable from the issue to be heard and decided in the pending action, declaratory relief should be liberally granted. Here, the issue to be decided in the pending action is whether the town council erred in denying the petition to amend the zoning of the land, while the issue on which declaratory relief is sought is whether the denial by the town council of the petition for rezoning terminated the buy and sell agreement pursuant to the terms of that agreement.

Obviously, the issue raised in the complaint for declaratory relief would not be resolved in the pending action in the Superior Court. Neither do we perceive that the grant of the relief prejudiced any right of defendants. In such circumstances, we cannot say that the grant of the relief in this case constituted an abuse of the court's sound judicial discretion.

It is well settled that the clear and unambiguous language set out in a written instrument is controlling as to the intent of the parties thereto and governs the legal consequences of the contract provisions. *Flanagan* v. *Kelly's System of New England, Inc.,* 109 R. I. 388, 286 A.2d 249 (1972); *Hill* v. *M. S. Alper & Son, Inc.,* 106 R. I. 38, 256 A.2d 10 (1969). It is true, as defendants argue, that the agreement provides, in part, that if the town council granted the petition to amend the ordinance and that decision were appealed, a favorable resolution in the courts of such an appeal would constitute a "zoning change" as contemplated by the parties. The presence of this language in the contract, defendants argue, renders it ambiguous and, therefore, the court erred in excluding parol evidence adduced to disclose the true intention of the parties. We cannot agree.

The primary provision of the contract provides expressly that if the petition for a change in zoning is denied, "deposit to be returned to buyer." We find inescapable the conclusion, then, that the parties' intent as disclosed by that language was that if the petition for an amendment to the zoning ordinance were denied by the town council, the agreement would be terminated. Were we to concur in the argument of the defendants, we would be importing ambiguity into a contract that otherwise expresses the clear intent of the parties, that is, that a denial by the town council of the initial petition to amend the ordinance would terminate the agreement. Because we take this

view, we find no error in the decision of the trial justice granting the declaratory judgment.

The appeal of the defendants is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Coffey, McGovern and Novogroski, Charles J. McGovern,* for plaintiffs.

*Gordon C. Mulligan, Louis A. Petrarca, Jr.,* for defendants.