391 A.2d 99.

FIREMAN'S FUND INSURANCE COMPANY *v.*
E.W. BURMAN, INC. *et al.*

AUGUST 23, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

842

BEVILACQUA, C.J.    This case is before us on the plaintiff's appeal from a denial of its request for a declaratory judgment. The plaintiff had filed a complaint for a declaratory judgment in which it claimed that it was not liable under an insurance policy issued to the defendant because of an exclusion clause in said policy. The case was heard before a justice of the Superior Court sitting without a jury. Because there was a lack of evidence relative to certain other issues, he denied declaratory relief to the plaintiff.

The facts are essentially uncontroverted. The defendant, E.W. Burman, Inc.,[1] a construction company, obtained a general liability insurance policy for $250,000 from plaintiff, Fireman's Fund Insurance Company, through Cormack-Routhier Agency, Inc. (Cormack). This policy covered the period October 1, 1968 to October 1, 1969 and was renewed for the period October 1, 1969 to October 1, 1970.

Sometime in 1968, defendant, together with Abby Construction (Abby), successfully bid on a project for the construction of an addition to a building located in Coventry, Rhode Island. On December 10, 1968, defendant and Abby collectively identified as "the contractor" entered into an agreement with Star City Glass Company (Star City) regarding the project. As a condition of this award, Star City required defendant and Abby to secure a certificate of insurance for $100,000 to cover them against any liability arising from the construction contract. They obtained a certificate through Cormack by endorsing an insurance policy previously issued to Abby by American Employers' Insurance

---

[1]Though other parties are named as defendants in this case, only the defendant E.W. Burman, Inc. has briefed and argued the issues raised. Therefore, the use of the term "defendant" herein will refer solely to E.W. Burman, Inc.

Company (American Employers'). The endorsement on this insurance policy described the insured as "Abby Construction Co., Inc. and E.W. Burman, Inc., a joint venture * * *."[2] On the other hand, Cormack did not endorse defendant's policy with plaintiff. Thereafter, Cormack issued the necessary certificate to Star City and defendant commenced construction in December 1968. Construction was completed in November 1969.

An accident occurred on April 16, 1970, in which Leonard Barry, an employee of Star City, was seriously injured while working on the roof of Star City's building, which had been constructed by defendant and several other contractors. Barry later instituted an action against defendant and the other contractors.

The trial justice concluded that defendant and Abby were engaged in a joint venture with respect to the Star City project. However, because he found that there was a lack of evidence regarding other relevant issues, he denied plaintiff's motion for a declaratory judgment.

The plaintiff initially contends that the trial justice erred in failing to grant the requested declaratory judgment after he had concluded that the Star City project was a joint venture between defendant and Abby. The defendant denies that it was engaged in a joint venture with Abby.

A "joint venture" is an undertaking by two or more persons jointly to carry out a single business enterprise for profit. *Davis* v. *Kahn,* 7 Cal. App.3d 868, 877, 86 Cal. Rptr. 872, 878 (1970); *Wilson* v. *Bogert,* 81 Idaho 535, 546, 347 P.2d 341, 347 (1959). Under this definition, it is apparent from our examination of the record that while defendant and Abby worked on the Star City project they were engaged in a joint venture. The defendant and Abby were involved in a single construction project. Both parties expected to secure a profit.

---

[2]The record indicates that no endorsement was required on the American Employers' policy in order to cover a joint venture.

The defendant even described the project as a joint venture on the endorsement to Abby's policy. Thus, the trial justice correctly found that defendant and Abby were engaged in a joint venture with respect to the Star City project.

The plaintiff also alleges that defendant's failure to endorse its policy with plaintiff insurer to cover a joint venture situation coupled with the validity and applicability of the exclusion clause, entitle plaintiff to declaratory relief. Before we address this contention, we must consider the nature and effect of a declaratory judgment in liability insurance cases. The utility of a declaratory judgment action in such cases cannot be denied, for it is a remedy readily adaptable to controversies in which there is a dispute over the coverage offered by a policy as applied to a crystallized set of facts. 20 Appleman, *Insurance Law and Practice* §11332 at 109 (1963). Oftentimes it is the most expeditious and fairest method by which an insurer can secure an advance determination as to its contractual duty to defend or indemnify one of its policyholders. 6A Moore, *Federal Practice* ¶57:19 (2d ed. 1974).

The obvious purpose of the Uniform Declaratory Judgment Act is to facilitate the termination of controversies. *Millet* v. *Hoisting Engineers' Licensing Division*, 118 R.I. 285, 291, 377 A.2d 229, 233 (1977); *Theroux* v. *Bay Associates, Inc.*, 114 R.I. 746, 748, 339 A.2d 266, 267 (1975). Section 9-30-5 of the Act gives the courts broad power to issue declaratory judgments "where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." In §9-30-6 of the Act the courts are given a broad discretion to deny declaratory relief where it would not have the effect of terminating a controversy or relieving an uncertainty that gave rise to the proceeding.

In *Employers' Fire Insurance Co.* v. *Beals*, 103 R.I. 623, 630, 240 A.2d 397, 401 (1968), this court said that if the issue on which declaratory relief is sought is separable from the issue to be heard and decided in the pending action, declara-

tory relief should be liberally granted. Here, the second issue to be decided is whether defendant's failure to endorse its policy with plaintiff insurer to cover a joint venture situation, coupled with the validity and applicability of the exclusion clause, entitle plaintiff to declaratory relief. This issue raised in the complaint for declaratory relief is properly before us since it will not be resolved in the pending action in the Superior Court. *See Theroux* v. *Bay Associates, Inc.*, 114 R.I. 746, 749, 339 A.2d 266, 268 (1975).

After concluding that the Star City project was a joint venture between defendant and Abby, the trial justice held that because the questions of agency and notice may apply to the final outcome of this case, the parties should adduce additional evidence on these issues. As a general rule only issues raised in the complaint for declaratory relief may be considered at trial. Here, the trial justice was asked to ascertain whether plaintiff was obligated under the insurance policy to pay any amounts to other parties on behalf of defendant as a result of the injuries suffered by Barry. The trial justice's finding that defendant and Abby were engaged in a joint venture was predicated upon the allegations in the complaint. However, he failed to consider the effect, if any, of the exclusion clause upon the parties' rights and duties. Instead, he examined the questions of agency and notice which were not contained in the complaint for declaratory relief. By failing to address the validity and applicability of the exclusion clause and by addressing issues outside the scope of the complaint for declaratory relief, the trial justice abused his discretion.

The plaintiff asserts that the exclusion provision in its policy with defendant relieves it of any duty to indemnify the latter in the event that Barry secures a judgment against defendant. The exclusion clause reads:

> "This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner

or member and which is not designated in this policy as a named insured."

Additionally, plaintiff refers to another provision relating to changes of the policy in order to reinforce its contention. This clause reads:

"8. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or stop the Company from asserting any right under the terms of this policy: *nor shall the terms of the policy be waived or changed, except by endorsement* issued to form a part of this policy, signed by a duly authorized representative of the Company." (Emphasis added.)

It is well settled that the clear and unambiguous language set out in a contract is controlling as to the intent of the parties thereto and governs the legal consequences of its provisions. *Theroux* v. *Bay Associates, Inc.*, 114 R.I. 746, 749, 339 A.2d 266, 268 (1975); *Flanagan* v. *Kelley's System of New England, Inc.*, 109 R.I. 388, 392-93, 286 A.2d 249, 251 (1972); *Hill* v. *M.S. Alper & Son, Inc.*, 106 R.I. 38, 47, 256 A.2d 10, 15 (1969). The insurance policy in question is a contract made by and binding upon the parties. By its terms, plaintiff and defendant agreed that the policy would not cover personal injury or property damage arising out of the conduct of a joint venture in which defendant was a participant. The language in the exclusion clause and the "changes" provision is clear and unambiguous. The conclusion is inescapable, then, that the parties' intent as disclosed by such language was that both provisions should apply to a joint venture situation similar to that of the instant case. Were we to concur with the decision of the trial justice and consider evidence as to agency and notice, we would contravene the parties' clearly expressed intent that a participation by defendant in a joint venture would terminate plaintiff's alleged duty to indemnify defendant for any damages sustained while so engaged.

Since the terms of this insurance policy have been agreed upon by the parties, we will not disregard them if they are reasonable. *Miller* v. *Metropolitan Casualty Insurance Co.*, 50 R.I. 166, 171, 146 A. 412, 414 (1929). We have found nothing in the record indicating that the terms and conditions of this policy are unreasonable or unconscionable. Hence, it is our opinion that the second issue should have been decided on the basis of the terms of the insurance policy and the complaint. The trial justice improperly considered the questions of agency and notice which were not contained in the complaint for declaratory relief. Because we adopt this view, we hold that the trial justice abused his discretion in denying the plaintiff's application for a declaratory judgment.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for plaintiff.

*Alan P. Cusick* for E.W. Burman, Inc., defendant.