WESTERN WORLD INSURANCE COMPANY, INC., Appellant,

v.

Darlene HALL, Respondent,

and

SHARONA CORPORATION and Andrew Care Home, Inc., its predecessor in interest, third party plaintiffs, Respondents,

v.

John A. LIETZKE, individually, and Brandow, Howard, Kollar and Rosenbloom, Inc., third party defendants, Respondents.

No. C4–84–382.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Paul W. Bergstrom, Meshbesher, Singer & Spence, Minneapolis, for respondent Hall.

James D. Miller, Broeker, Hartfeldt, Hedges & Grant, Minneapolis, for respondents Sharona Corp. et al.

David A. Bailly, Cragg & Bailly, Ltd. Minneapolis, for respondent Lietzke.

Heard, considered and decided by PARKER, P.J., and FOLEY, and HUSPENI, JJ.

## OPINION

PARKER, Judge.

Western World Insurance Company appeals a declaratory judgment holding that the company has a duty to defend and indemnify Sharona Corporation and Andrew Care Home (insureds) from negligent care claims brought against them by Darlene Hall. Hall, a mental patient, sued the insureds for injuries suffered when she jumped or fell from a fifth floor window of the home. Western World contends that (1) it has no duty to defend and indemnify the insureds because the policy expressly excluded coverage for "self-inflicted injury"; (2) the insurance contract should be voided because of a material misrepresentation in the insured's application; and (3) the attorneys' fees awarded were excessive. We affirm as modified.

## FACTS

In the fall of 1976 Jon Thompson, the administrator of the Andrew Care Home, contacted John Lietzke about obtaining general liability insurance for the home. Lietzke completed an insurance application which Thompson signed.

Thompson told Lietzke that Andrew Care Home's state license restricted it from admitting dangerous or harmful patients. The application described the facility as follows:

BOARD & CARE FACILITY
1. ELDERLY BOARD & CARE
2. MENTAL HEALTH BOARD & CARE
APPROX. 80% MENTAL HEALTH PATIENTS WHO ARE IN TRANSITION FROM STATE INSTITUTION TO PRIVATE LIFE. NO OF DANGEROUS OR HARMFUL TYPE [sic]

In February 1977 Western World issued an owner's and professional liability policy. The policy excluded self-inflicted injury or death. The policy classified the home as a "convalescent home — not psychopathic institution."

In July 1977 Darlene Hall, a mental patient, was injured when she jumped or fell from a fifth floor window of the home. She brought an action for negligent care against the insureds. Hall's answers to interrogatories state that she heard voices telling her to jump out the window, she removed the window screen, and fell or jumped after telling staff members about the voices.

Western World hired an attorney to defend against Hall's claims. Then it brought a separate declaratory judgment action, contending that the self-inflicted injury exclusion relieves it of the duty to defend and indemnify. On cross motions for summary judgment the trial court found that Western World has a duty to defend and indemnify against the claims and awarded attorneys' fees to the insureds.

## ISSUES

1. Did the trial court err in determining that the self-inflicted injury exclusion in the policy does not relieve Western World of the duty to defend and indemnify the insureds?

2. Did the trial court err in finding no material misrepresentations in the insureds' insurance application which would justify voiding the policy?

3. Was the trial court's award of attorneys' fees excessive?

## DISCUSSION

### I

■ An insurance policy is a contract. The court's function is to determine what the agreement was and enforce it. If the terms of the policy are plain and unambiguous, their plain meaning should be given effect. Any ambiguity should be construed in favor of the insured and against the insurer. *See Fillmore v. Iowa National Mutual Insurance Co.*, 344 N.W.2d 875, 877 (Minn.Ct.App.1984). If any part of a cause of action is arguably within the scope of coverage, the insurer has a duty to defend. An insurer seeking to avoid affording a defense has the burden of demonstrating that all parts of the cause of action fall clearly outside the scope of coverage. *Prahm v. Rupp Construction Co.*, 277 N.W.2d 389, 390 (Minn.1979).

■ Western World argues that the trial court failed to give effect to the "plain meaning" of the self-inflicted injury exclusion. The company contends that the exclusion applies to any self-caused injury and that Hall caused her injury, although perhaps not intentionally. Therefore, Western World concludes that it has no duty to defend and indemnify against Hall's claim.

We have found no cases interpreting a self-inflicted injury exclusion in the context of a third-party liability policy. But the phrase, "self-inflicted injury," has an accepted meaning in the context of first-party insurance policies. Exclusions for self-inflicted injuries in life, accident and disability policies have generally been interpreted to apply only when the insured wills or intends to cause the injury. 1B J. Appleman & J. Appleman, *Insurance Law and Practice*, § 496, at 367 (1981); *Williams v. Insurance Co. of North America*, 423 F.2d 749 (4th Cir. 1970). Courts have long held that such exclusions do not apply where the insured lacks the capacity to form an intent to injure himself or herself. *Crandal v. Accident Insurance Co.*, 27 F. 40 (N.D.Ill.1886) (suicide or self-inflicted injury exclusion not applicable where insured was insane when he committed suicide).

We recognize that the policy considerations which prompted such an interpretation of first-party insurance policies do not apply to third-party liability policies. The requirement of a subjective intent to cause self injury is necessary in first-party insurance cases to prevent insureds from creating claims by their own wrongful acts. There is no comparable danger in third-party liability insurance cases where a third party, rather than the insured, creates the claim.

However, the absence of this policy consideration does not compel us to accept Western World's all-encompassing interpretation of "self-inflicted injury." Given the accepted usage of the phrase in first-party insurance contracts and the lack of precedent in third-party liability policies, we find that "self-inflicted injury" is an ambiguous phrase and must be construed against the insurer. Western World is bound by the accepted usage, since it failed to specify clearly that it intended a broader exclusion.

### II

■ An insurer may avoid a policy where a material misrepresentation in an insurance application increases the risk of loss, regardless of the intent with which the statement was made. *Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917, 924–25 n. 6 (Minn.1983); Minn. Stat. § 60A.08, subd. 9 (1982).

■ Western World argues that the insureds' policy should be voided because the home misrepresented its admission policies in its application for insurance. Western World reasons that Thompson's statement

that the home did not accept harmful or dangerous patients was a misrepresentation because the home admitted Hall, and she tried to commit suicide by jumping out of a fifth floor window.

There was no material misrepresentation in the insureds' application. Western World knew that 80 percent of the home's patients are mental patients in transition from State mental institutions. It considered that and Thompson's statement that no harmful or dangerous patients were admitted in classifying the facility as a "convalescent home–not psychopathic institution."

The mere fact that Hall may intentionally have harmed herself after her admission to the home does not make her a psychopath or legally harmful or dangerous. Western World offered no other evidence to show that Hall was harmful or dangerous when she was admitted.

### III

Finally, Western World objects to the award of $18,343.75 in attorneys' fees as excessive. Since the critical evidence concerning attorneys' fees was documentary, we need not defer to the trial court's assessment of that evidence. *See In re Trust Known as Great Northern Iron Ore Properties,* 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976). Upon independent review, we find that $1,921.25 of the attorneys' fees awarded must be disallowed because that sum is attributable to settlement attempts and defense of the claim on the merits.

### DECISION

We affirm the declaratory judgment requiring Western World to defend and indemnify the insureds against claims brought by Hall. We remand to the trial court with instructions to reduce the award of attorneys' fees to $16,422.50.

Affirmed in part, reversed in part.