AUSTIN P. KELLER CONSTRUCTION COMPANY, INC., et al., Allen Montgomery, Respondents,

Eleanor Knutson, Appellant,

Breanna Bush by Herbert Masteller, her guardian ad litem; et al., Plaintiffs,

North Central Public Service, City of Anoka, Respondents,

v.

DREW AGENCY, INC., Maryland Casualty Insurance Company, et al., Mission Insurance Company, Cedarleaf, Cederleaf & Cederleaf, Inc., Great American Insurance Company, Respondents.

AUSTIN P. KELLER CONSTRUCTION COMPANY, et al., Appellants,

v.

COMMERCIAL UNION INSURANCE COMPANY, et al., Defendants,

Eleanor Knutson, North Central Public Service, City of Anoka, Drew Agency, Inc., Maryland Casualty Insurance Company, Mission Insurance Company, Cedarleaf, Cederleaf & Cederleaf, Inc., Great American Insurance Company, Respondents.

AUSTIN P. KELLER CONSTRUCTION COMPANY, et al., Respondents,

v.

DREW AGENCY, INC., Appellant,

Maryland Casualty Insurance Company, Mission Insurance Company, Cedarleaf, Cederleaf & Cederleaf, Inc., Great American Insurance Company, Eleanor Knutson, Respondents,

Breanna Bush, etc., et al., Defendant,

North Central Public Service, City of Anoka, Respondents.

Nos. C0-84-1271, C6-84-1291 and C9-84-1320.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Review Granted April 15, 1985.

Timothy Sullivan, Moore Costello & Hart, St. Paul, for Keller Const.

Fabyanske, Svoboda & Westra, St. Paul, for Montgomery Const.

Dale B. Lindman, Mahoney, Doughtery & Mahoney, Minneapolis, for Montgomery.

Gerald W. Von Korff, Rinke, Noonan, Grote & Smoley, St. Cloud, for Knutson.

Robert M. Frazee, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for North Cent. Public Service.

Jonathan P. Parrington, Pustorino, Pederson, Tiltin & Parrington, Minneapolis, for City of Anoka.

Michael C. Lindberg, Dean K. Johnson Law Offices, Minneapolis, for Drew Agency.

Ronald M. Michaelson, Arthur, Chapman & Michaelson, Minneapolis, for Maryland Cas. Co.

Melissa W. McClenahan, Faegre & Benson, Minneapolis, Mission Ins. Co.

Timothy W. Waldeck, Foster, Waldeck & Lind, Minneapolis, for Cedarleaf.

Michael S. Kreidler, Lasley, Gaughan, Stich & Angell, Minneapolis, for Great American Ins. Co.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

Three groups appeal denial of summary judgment in a declaratory judgment action. Appellants sought a declaratory judgment that respondent insurers have a duty to defend and indemnify two construction companies and one construction company employee against personal injury claims arising out of a gas explosion allegedly caused by the negligence of a now defunct joint venture between the companies. The insurance companies denied completed operation coverage because of joint venture exclusions in the companies' insurance policies. The trial court denied summary judgment and certified as important and doubtful the interpretation of the exclusion clause.

## FACTS

In 1970, Austin P. Keller Construction and Erwin Montgomery Construction Company formed a joint venture to construct water and sewer lines for the city of Anoka. Allen Montgomery supervised the work. The project was completed in 1972 and the joint venture was dissolved shortly thereafter.

In March 1982, Eleanor Knutson and others were injured in a gas explosion in Anoka. They brought a personal injury action against the utility company, the City of Anoka, Keller and Montgomery construction companies, and Allen Montgomery, personally. The action alleges that the explosion occurred as a result of negligent backfilling by the joint venture.

The joint venture insured the project during construction. However, that coverage was effective only for accidents which occurred during the policy period. That insurance expired long before the explosion.

When Montgomery and the construction companies were sued in connection with the project, they looked to their current "completed operations" insurers for coverage. Keller Construction was insured by Maryland Casualty and Mission Insurance. The policies were effective July 1981—July 1982. Montgomery Construction and Montgomery were insured by Great American Insurance Company. That policy was effective February 1982—February 1983. All three policies were purchased through the Drew Agency.

Montgomery and the construction companies tendered their defenses to their respective insurers. The insurers refused coverage and declined to defend because of joint venture exclusions in the policies. All three policies contained the following provision:

> This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

Montgomery was a named insured on the Great American policy. The joint venture was not a named insured on any of the policies.

Various parties brought a declaratory judgment action seeking a declaration of coverage. The trial court found that all three policies include coverage for completed operations. It also found that the damages allegedly suffered by Knutson would clearly arise out of à covered occurrence under the policies, except for the disputed joint venture exclusions. The trial court denied summary judgment and certified the following question for consideration by this court:

> Whether insurer may deny completed operations coverage to plaintiff contractors, and to the individual insured Allen Montgomery, by reason of a clause excluding liability with respect to a "joint venture of which the insured is a partner or member" when the insured were not members of a joint venture at the time coverage was purchased or in effect?

Keller Construction, Montgomery Construction and Montgomery (# C6–84–1291), Knutson (# C0–84–1271) and the Drew Agency (# C9–84–1320) appealed the denial of summary judgment. We have consolidated the appeals for consideration.

## ISSUES

May insurers deny completed operations coverage based on policy language excluding liability with respect to a "joint venture of which the insured is a partner or member" when the insureds were not members of a joint venture at the time the coverage was purchased or in effect?

## ANALYSIS

■ An insurance policy is a contract. The court's function is to determine what the agreement was and enforce it. *Western World Ins. Co., Inc. v. Hall*, 353 N.W.2d 221 (Minn.Ct.App.1984). If the terms of the policy are plain and unambiguous, their plain meaning should be given effect. Any ambiguity should be construed in favor of the insured and against the insurer. *Fillmore v. Iowa National Mutual Insurance Co.*, 344 N.W.2d 875, 877 (Minn.Ct.App.1984). If any part of a cause of action is arguably within the scope of coverage the insurer has a duty to defend. An insurer seeking to avoid affording a defense has the burden of demonstrating that all parts of the cause of action fall clearly outside the scope of coverage. *Prahm v. Rupp Construction Co.*, 277 N.W.2d 389, 390 (Minn.1979).

The joint venture exclusion at issue is commonly used. However, its application to claims arising from a joint venture terminated before the issuance of the policy appears to be a question of first impression. In one case an Oklahoma court found the exclusion was not applicable because there was no joint venture, *Maryland Casualty Company v. Turner*, 403 F.Supp. 907 (W.D.Okla.1975). In two others, courts applied the exclusion to joint ventures in progress during the relevant policy period. *Associated Metals and Minerals Corp. v. Hartford Accident and Indemnity Co.*, 1977 Fire and Casualty Cases 907 (S.D.N.Y. March 21, 1977); *Fireman's Fund Insurance Co. v. E.W. Burman, Inc.*, 120 R.I. 841, 391 A.2d 99 (1978).

■ We find that the exclusion does not extend to joint ventures terminated before the issuance of the policy. The exclusion language is limited to the present tense. It excludes liability only with respect to a "joint venture of which the insured *is* a partner or member." We cannot, as the dissent suggests, gloss over the distinction between "is" and "was." If the insurers intended to exclude claims arising out of work by a terminated joint venture they could have specified "joint venture of which the insured *is or was* a partner or member."

Nor can we accept the insurers' contention that, because the construction companies continue to be liable individually for the negligence of the terminated venture, they were currently members of the venture at the time the policies were issued.

■ A joint venture is not in a strict legal sense a partnership. But, in general, the same rules and principles apply to joint ventures as to partnerships. *Rehnberg v. Minnesota Homes, Inc.*, 236 Minn. 230, 52

N.W.2d 454 (1952). Joint venturers, like partners, are jointly liable for negligent work undertaken on behalf of their mutual undertaking. *Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 203 N.W.2d 841, (1973). And a joint venture, like a partnership, may be dissolved at will. *Swanson v. Lindstrom*, 151 Minn. 19, 185 N.W. 950 (1921). Liability for the negligence of a partner or joint venturer acting in the course of the partnership or venture survives dissolution. *See Kangas v. Winquist*, 207 Minn. 315, 291 N.W. 292 (1940); *Williams v. McDaniel*, 119 F.Supp. 247 (D.Nev.1953).

■ However, survival of that liability does not extend indefinitely the duration of the joint venture. A joint venture is by its nature limited to an association of two or more persons to carry out a single business enterprise for profit. *Keiswetter v. Rubenstein*, 235 Mich. 36, 209 N.W. 154 (1926). After the enterprise is completed and the joint venture is terminated the parties' liability is that of *former* members of the terminated venture, not as *current* members of an ongoing venture.

The record does not indicate that the insurers ever inquired if the construction companies had ever been members of a terminated joint venture. Since the companies dissolved their joint venture long before the policies were issued or the explosion occurred, the exclusion does not apply to claims against the companies arising out of the explosion. The exclusion is also inapplicable to Montgomery because he was a named insured and an employee rather than a member of the terminated joint venture.

## DECISION

We reverse and remand to the trial court with instructions to enter judgment requiring Maryland Casualty and Great American Insurance to defend, and Maryland Casualty, Great American and Mission Insurance to indemnify their respective insureds. The plain language of the exclusion prohibits the insurers from denying completed operations coverage to plaintiff contrac-

tors, and to the individually insured Allen Montgomery, by reason of a clause excluding liability with respect to a "joint venture of which the insured is a partner or member" when the insured were not members of a joint venture at the time coverage was purchased or in effect.

WOZNIAK, J., dissents.

WOZNIAK, Judge, dissenting.

I respectfully dissent. I would affirm the trial court.

### I.

None of the insurers was advised prior to the explosion that Keller and Montgomery had operated a joint venture over ten years ago.

The policies herein under consideration generally cover the period from July 1981 to February 1983, within the timeframe of the explosion.

The policies describe those persons who are insured for completed operation coverage. After setting forth those persons or entities who are insured, the policies contain the following limiting language which is at issue in this litigation:

> This insurance does not apply to *bodily or property damage* arising out of the conduct of any partnership or joint venture of which the *insured is a partner* or member and which is not designated in this policy as a *named insured.*

(Emphasis added.)

Any liability on the part of Keller and Montgomery arises out of the construction work done as part of a joint venture ten years ago. This joint venture was not designated as a named insured on the policies. The language of the policies is clear and unambiguous.

### II.

The majority attempts to avoid the joint venture exclusion by claiming that it was no longer, as of the date of the explosion, a member of a joint venture. They rely on the fact that the language in the insurance

policy uses the present tense "is" rather than the past tense "was." They claim that since the work of the joint venture was completed, it was no longer a member of the joint venture and would therefore be entitled to coverage.

The purpose of the exclusionary language in the policy is to make the insurer aware of its risk prior to extending coverage. A potential insured may have been a small part of a huge joint venture. This would result in joint liability for the negligent acts of fellow joint adventurers. *Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 203 N.W.2d 841 (1973). An insured cannot properly calculate premium charges without full knowledge of what entities it is insuring. If Keller or Montgomery had sought coverage for the previous joint venture, the details of that venture should have been related to the insurer and coverage obtained in the name of the joint venture as required by the policy. In the instant case, no such attempt was made by Keller or Montgomery, and both are, in fact, now suing their insurance agent, Drew, for failing to explain the matter to them.

The operation of a joint venture could result in an extraordinary increase in the liability exposure which the insurer is undertaking to defend and indemnify. The exclusionary language here at issue protects the insurer from such unknown risks. The insurer should not be exposed to risks which it has not contracted to insure, nor should it be obligated to provide coverage for a joint venture of which it had no knowledge.

### III.

The majority goes to great lengths to show that the joint venture did not exist at the time of the explosion. The technical existence of the joint venture is not relevant to this litigation. The joint venture continues to exist as an entity which can be held liable for past acts and omissions of the joint venture. The insurance contract insures the insured for "all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury or * * * property damage." For purposes of the insurance contract, the joint venture has an indefinite duration. It continues to exist as long as it may be found liable for damage arising from its activities as a joint venture. Just as joint adventurers may not interpose their termination of the joint venture as a defense to a liability claim, they should not be permitted to contend here that disclosure of the joint venture was unnecessary because they had agreed to dissolve it. To construe the joint venture language such that it applies only to joint ventures which existed at the time of the incident which gives rise to the litigation would render the exclusionary language meaningless because of the limited lifespan of most ventures.

The Minnesota Supreme Court has held that it will not force a policy interpretation that is not there in order to find for an insured. *Fireman's Insurance Company of Newark v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982). The use of the word "is" instead of "was" in the policies is irrelevant. It is the liability of Keller and Montgomery which triggers coverage, not the timing of the technical termination of a business contract.

As indicated, that Keller and Montgomery could deny liability to Knutson by arguing that the joint venture no longer exists is patently wrong. Such an argument to find coverage is equally erroneous.

In interpreting the language of the policies, the court should give the words used their plain and ordinary meaning and not read ambiguity into clear language, or rewrite the contract. *Employers Mutual Casualty Co. v. Kangas*, 310 Minn. 171, 245 N.W.2d 873.

The Minnesota Supreme Court has not dealt directly with this issue, although it was before them in *Grain Dealers Mutual Ins. Co. v. Cady*, 318 N.W.2d 247 (Minn. 1983). In that case, the issue before the court was whether the insured had engaged in a joint venture activity. The court made it clear that, if the insured was operating as a joint venture, the exclusion-

ary language in his liability insurance policy would be valid and enforceable and that he would be denied coverage. Our court stated:

The policy provided that liability insurance did not apply to bodily injury arising out of the conduct of a joint venture of which the insured was a member unless such joint venture was designated as a named insured in the policy itself. No joint venture was designated as a named insured in the policy.

*Id.* at 248.

Exclusionary language identical to that contained in the policies here at issue has been considered in two reported cases. In both *Associated Metals and Minerals Corp. v. Hartford Accident and Indemnity Co.*, No. 76 Civ. 3807 (U.S.D.C., S.D., N.Y., March 21, 1977) and *Fireman's Fund Ins. Co. v. E.W. Burman, Inc.*, 120 R.I. 841, 391 A.2d 99 (1978), the court held that the policy language was clear and unambiguous and denied coverage to a joint adventurer on the basis of the exclusionary language.

In *Fireman's Fund*, the insured was a construction company which had formed a joint venture for purposes of completing work on a building addition. The incident which gave rise to the litigation occurred *after* the joint venture had completed its work on the construction project, but within the policy period. The insured did not notify the insurer of the joint venture. The joint venture was not listed as an additional insured on the subject insurance policy. Construction was completed in November 1969. An accident occurred on April 16, 1970, in which an employee of the building owner was injured. The employee brought an action against the joint adventurers.

The Rhode Island Supreme Court held that exclusionary language, identical to that contained herein, was clear and unambiguous and denied coverage to the insured. The *Fireman's Fund* court stated:

It is well settled that the clear and unambiguous language set out in a contract is controlling as to the intent of the parties thereto and governs the legal conse-

quences of its provisions. (Citations omitted). The insurance policy in question is a contract made by and binding upon the parties. By its terms, plaintiff and defendant agree that the policy would not cover personal injury or property damage arising out of the conduct of a joint venture in which defendant *was* a participant. The language in the exclusion clause and the "changes" provision is clear and unambiguous. The conclusion is inescapable, then, that the parties' intent as disclosed by such language was that both provisions should apply to a joint venture situation similar to that of the instant case. Were we to concur with the decision of the trial justice and consider evidence as to agency and notice, we would contravene the parties' clearly expressed intent that a participation by defendant in a joint venture would terminate plaintiff's alleged duty to indemnify defendant for any damages sustained while so engaged.

391 A.2d at 102 (emphasis added).

It is significant that the court held that the policy would not cover personal injury or property damage arising out of the conduct of a joint venture in which defendant *was* a participant. The Rhode Island Supreme Court did not agree that exclusionary language should apply only to joint ventures of which the insured is presently a member.

In *Associated Metals*, the insured entered into a joint venture for the purpose of selling and processing hydrated magnesium oxide. Magnesium oxide is used, among other purposes, as an ingredient for livestock feed. The joint venture was formed in July 1973. In 1976, during the policy period, a corporation engaged in the business of raising cattle brought a suit alleging that its herd sickened, died or had to be destroyed as the result of ingesting adulterated cattle feed.

The insurance policy there in question was a comprehensive general liability policy with exclusionary language relating to joint ventures identical to that contained in the policies herein. The United States Dis-

trict Court for the Southern District of New York described the exclusionary language as "simplicity itself" and stated that "the language is unambiguous and clearly applicable to the circumstances presented by the case." The court went on to deny insurance coverage to the insured because its alleged liability arose from its participation in a joint venture. Thus, the only two jurisdictions which have addressed this specific issue have held that the joint venture exclusion is valid and may be relied upon by the insurer to deny coverage to its insured.

### V.

For the above reasons, I would hold the joint venture exclusion is valid and enforceable.