July 3, 2024

**Supreme Court**

No. 2023-148-Appeal.
(WC 16-402)

The University of Rhode Island Board  :
     of Trustees et al.

                v.                :

Hellenic Society Paideia –  :
    Rhode Island Chapter.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

The University of Rhode Island Board      :
     of Trustees et al.

           v.                        :

   Hellenic Society Paideia –                :
     Rhode Island Chapter.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.** The defendant, Hellenic Society Paideia –

Rhode Island Chapter (defendant), challenges a judgment of the Superior Court that

confirmed an arbitration award in favor of the plaintiffs, the University of Rhode

Island Board of Trustees and the University of Rhode Island (plaintiffs). The

defendant argues that the trial justice erred in affirming the arbitration award based

on the arbitrator's manifest disregard of the law in his arbitration decision and his

issuance of an indefinite remedy.

This case came before the Supreme Court pursuant to an order directing the

parties to appear and show cause why the issues raised in this appeal should not be

summarily decided. After considering the parties' written and oral submissions and

reviewing the record, we conclude that cause has not been shown and that we may

- 1 -

decide this appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Procedural History**

This appeal arises from nearly a decade of litigation concerning a breach-of-contract dispute related to the construction of a Center for Hellenic Studies at the University of Rhode Island in Kingston, Rhode Island. On April 24, 2005, plaintiffs and defendant entered into a "Ground Lease Agreement" (lease agreement) that established the parameters for this construction project.[1] The factual background and travel of this dispute—detailing the failure to construct the Center for Hellenic Studies within thirty months of the commencement of construction and the ensuing litigation—can be found in our prior opinion, *Rhode Island Council on Postsecondary Education v. Hellenic Society Paideia – Rhode Island Chapter*, 202 A.3d 931 (R.I. 2019); we limit our recitation of facts and procedural history accordingly. *See Hellenic Society Paideia*, 202 A.3d at 933-34.

Following remand, the Superior Court stayed the litigation pending arbitration, consistent with our mandate. The parties participated in arbitration proceedings held on September 27 and 28, 2022, at the University of Rhode Island

---

[1] The University of Rhode Island and the Rhode Island Board of Governors for Higher Education were the original signatories to this lease with defendant. *See Rhode Island Council on Postsecondary Education v. Hellenic Society Paideia – Rhode Island Chapter*, 202 A.3d 931, 933 n.1 (R.I. 2019). By operation of statute, plaintiffs have become the successors in interest. *See* G.L. 1956 § 16-32-2.

in Kingston pursuant to Section 14.3.2 of the lease agreement.[2]  The parties submitted the lease agreement as a joint exhibit, and each party presented a question for the arbitrator's resolution.  Specifically, plaintiffs asked the arbitrator to resolve the following issue: "Did the Hellenic Society breach the Ground Lease Agreement and did the University of Rhode Island properly terminate said Agreement, and if

---

[2]  Section 14.3.2 provides:

> "<u>Arbitration</u> – If the parties fail to resolve any such controversy, claim or dispute by amicable arrangement and compromise within the thirty (30) day period immediately following the date of the notice initiating such discussions referred to in subsection (a) above, or if the party receiving such notice, fails to commence such discussions within the ten (10) day period immediately following the date of such notice, the aggrieved party shall submit the controversy, claim or dispute to arbitration before a single arbitrator to be conducted in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court have [*sic*] jurisdiction thereof.  Any award rendered by the arbitrator shall be final and binding upon the parties.  The arbitrator shall explain in writing the reasons for his award in reasonable detail, including a statement of the facts as determined by him and the rules of law applied.  Any arbitration proceeding hereunder shall be held in Kingston, Rhode Island.[]  The parties shall be entitled to discover all documents and information reasonably necessary for a full understanding of any legitimate issue raised and may use all methods to discovery, including but not limited to depositions, written interrogatories, requests for admission and requests for production of documents.  The arbitrator may set reasonable time periods for compliance and reasonable limits on the scope of the discovery.  Each party shall bear its own costs and expenses in connection with the preparation of or the presentation of its case at the arbitration proceedings, including without limitation its own counsel and witness fees.  Fees and expenses of the arbitrator and all other expense of arbitration (except those referred to in the preceding sentence) shall be shared equally by the parties."

so, what shall be the remedy?" Conversely, defendant sought resolution of the following issue: "Was there a joint venture, and was it breached by the University, and if so, what shall be the remedy?"

In response to these issues, the arbitrator issued a twenty-seven-page decision. He summarized the facts relevant to the dispute; outlined the positions of each party; analyzed the lease agreement between the parties, identified therein as landlord and tenant, as well as caselaw governing joint ventures; and considered the testimony of relevant witnesses. The arbitrator determined that the lease agreement constituted an enforceable contract that plaintiffs permissibly terminated, pursuant to its terms, after defendant breached the lease agreement by defaulting on its obligations. Specifically, the arbitrator found that defendant failed to construct the Center for Hellenic Studies within the requisite timeframe, among other failures. The arbitrator also determined that a joint venture did not exist between the parties, not only because the express language of the lease agreement prohibited a joint venture, but also because the parties' actions did not give rise to a joint venture under *Fireman's Fund Insurance Company v. E.W. Burman, Inc.*, 120 R.I. 841, 391 A.2d 99 (1978). The arbitrator directed defendant to reimburse plaintiffs for the cost and expenses that plaintiffs will incur in their efforts to restore the construction site to its prior status, which he characterized as vacant land.

Thereafter, on January 4, 2023, plaintiffs filed a motion in Superior Court to confirm the arbitration award, prompting defendant to file an objection and cross-motion to vacate that same award. After a hearing on the parties' motions, the trial justice issued a written decision granting plaintiffs' motion to confirm the award and denying defendant's cross-motion to vacate. The trial justice declined defendant's invitation to reexamine or reconstrue the lease agreement, or to disturb the arbitrator's findings that the parties failed to form a joint venture. Moreover, the trial justice declined to review the arbitrator's determination that plaintiffs properly terminated the lease agreement. Finally, the trial justice rejected defendant's objection to the arbitral remedy, leaving defendant responsible for the cost and expenses associated with restoring the land to its prior condition.[3]

Following the trial justice's decision and entry of judgment, defendant filed a timely notice of appeal to this Court. We consider whether the trial justice erred in confirming the arbitrator's award.

**Discussion**

Based on the overwhelming public policy considerations favoring arbitration, judicial review of arbitration awards is exceedingly limited and begins with a

---

[3] Regarding the remedy, the trial justice also declined to disturb the arbitrator's decision based on defendant's argument that section 10.2.2 and Article XI of the lease agreement required plaintiffs to pay defendant the surrender value of the building, which both parties agreed did not exist, upon the lease's termination.

presumption of their validity. *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 834-35 (R.I. 2014). Nevertheless, arbitrators must perform their role in a manner consistent with their power and authority. *See id.* at 835. Therefore, this Court, like the Superior Court, will vacate an arbitration award when arbitrators exceed their powers or fail to execute them in a manner that results in their failure to make a mutual, final, and definite award. *Id.*; G.L. 1956 § 10-3-12(4).[4]

When considering a challenge to an arbitration award, this Court makes every reasonable presumption in favor of upholding the award; we will uphold the

---

[4] General Laws 1956 § 10-3-12 provides the following:

> "In any of the following cases, the Court must make an order vacating the award upon the application of any party to the arbitration:
>
> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
>
> "(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
>
> "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

arbitration award if it draws its essence from the contract governing the dispute, and we will refuse to disturb it if the award reflects a tolerably plausible form of contract interpretation. *Berkshire Wilton Partners, LLC*, 91 A.3d at 835. Consequently, an arbitrator's mere error of law does not warrant reversal. *Id.* at 836. However, if an arbitrator manifestly disregards the law or a contractual provision, or reaches an irrational result, this Court must vacate the award. *Id.* at 836-37. An arbitrator manifestly disregards the law when she or he demonstrates a correct understanding of the law and then proceeds to disregard that understanding in reaching a decision. *Id.* at 837. Finally, the party claiming that an arbitrator exceeded her or his authority bears the burden of proving that assertion. *Id.* at 835.

The arbitrator who presided over the dispute under consideration issued a thorough, well-reasoned award that reflects more than a plausible interpretation of the lease agreement. As required by Section 14.3.2 of the lease agreement, the written decision explained the arbitrator's reasons in reasonable detail: The arbitration award directly responded to each issue presented by the parties, provided a summary of the relevant facts, and addressed the parties' competing arguments. The arbitrator evaluated the unambiguous language of the parties' lease agreement, which detailed the roles and responsibilities of plaintiffs as landlord, and defendant as tenant, as described in the opening clause of the standard ground lease. He reviewed the testimony of relevant witnesses who denied the existence of a joint

- 7 -

venture and resolved the issue presented by defendant based on his interpretation of the controlling language in the lease agreement. Most notably, in dismissing defendant's contention that this construction project constituted a joint venture between the parties, the arbitrator identified the following explicit language contained in Section 3.2 of the lease agreement:

> "The Landlord's participation in this process is primarily for administrative purposes to ensure [that] the work is being conducted in a timely manner and in accordance with this agreement and *shall not constitute an agency, joint venture, or partnership relationship* with the Tenant."

In finding that defendant breached the lease agreement, the arbitrator relied on the undisputed fact that construction of the Center for Hellenic Studies was not completed within thirty months of the beginning of construction. The arbitrator also relied on the explicit contractual provisions governing default and termination, and the documentary evidence reflecting plaintiffs' notice of default and termination. Specifically, he relied on the foregoing when he determined (1) that defendant breached the lease agreement and further, (2) that plaintiffs properly complied with the lease agreement's termination provisions. Finally, as requested by each party, the arbitration award provided a remedy consistent with the arbitrator's decision: reimbursement of the cost and expenses required to restore the site to its prior status. We are satisfied that the arbitrator's award easily meets the presumption of validity:

It undoubtedly draws its essence from the parties' lease agreement and lacks any indication that the arbitrator manifestly disregarded the law.

The defendant, in attempting to meet the high burden of proving that the arbitrator exceeded his authority, points to what it characterizes as numerous reversible errors that the trial justice overlooked. The defendant predominantly argues that the arbitrator (1) impermissibly, and without lawful authority, determined that defendant should reimburse plaintiffs as the exclusive remedy and failed to provide guidance regarding how defendant should do so; (2) improperly determined that a joint venture did not exist between the parties; and (3) erroneously concluded that the lease agreement constituted a valid, enforceable contract between the parties. The defendant has failed to meet its burden.

Regarding defendant's objection to the remedy and suggestion that the arbitrator should have provided defendant with the surrender value of the property in fashioning the remedy, we emphasize that the arbitrator provided this remedy in direct response to questions presented by both parties. The remedy directs defendant to reimburse plaintiffs for the cost of restoring the building site to its prior condition—vacant land—and, as the trial justice correctly noted, this constitutes a permissible exercise of the arbitrator's authority pursuant to American Arbitration Association Rules, which permit the arbitrator to order specific performance. As a

result, defendant has failed to show that this claimed error took place as a result of the arbitrator's manifest disregard of the law.

We similarly reject defendant's attempt to argue that the arbitrator did not properly define a joint venture when relying on the definition contained in *Fireman's Fund Insurance Company*. *See Fireman's Fund Insurance Company*, 120 R.I. at 844, 391 A.2d at 101. The arbitrator's decision simply does not constitute a manifest disregard of the law, especially considering the fact that the arbitrator also relied on language from the lease agreement explicitly stating that a joint venture did not exist between the parties. *See Prospect CharterCARE, LLC v. Conklin*, 185 A.3d 538, 544 (R.I. 2018) (noting that this Court will not permit parties who have contractually agreed to arbitrate their dispute to circumvent an arbitration award by appearing in court alleging that the arbitrator misconstrued the contract or misapplied the relevant law).

Finally, based on the fact that the arbitrator determined that the lease agreement constituted a valid, enforceable contract, and that this conclusion drew its essence from the contract itself, we decline defendant's poorly concealed request for it to relitigate its breach-of-contract claim. Moreover, we emphatically reject defendant's attempt to seek a ruling from this Court invalidating this lease agreement when defendant previously appeared before this Court and argued that we must

enforce its terms by sending it to arbitration. *See Hellenic Society Paideia*, 202 A.3d at 935.

Accordingly, we conclude that the defendant has failed to demonstrate that the arbitrator acted in a manner that would permit us to disturb his award and we therefore uphold the trial justice's order confirming the arbitration award.

## Conclusion

Based on the foregoing, we affirm the judgment of the Superior Court and remand the record in this case.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | The University of Rhode Island Board of Trustees et al. v. Hellenic Society Paideia - Rhode Island Chapter. |
| **Case Number** | No. 2023-148-Appeal.<br>(WC 16-402) |
| **Date Opinion Filed** | July 3, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Paul V. Sullivan, Esq. |
| | For Defendant:<br><br>Bruce Gladstone, Esq. |